CRUZ OCASIO, et al., Plaintiff

v.

ETHELBERT BRYAN, et al., Defendant

Civil No. 82-1966

District Court of the Virgin Islands

Div. of St. Croix

December 2, 1966

*See, also, 261 F.Supp. 409*

RONALD TONKIN, ESQ. (YOUNG, ISHERWOOD & MARSH), St. Croix, Virgin Islands, *for plaintiffs*

PETER O'DEA, ESQ., Assistant Attorney General, Charlotte Amalie, Virgin Islands, *for defendants*

GORDON, *District Judge*

### MEMORANDUM OPINION

Defendant's motion for an Order dismissing the complaint in the above action on the grounds that the complaint:

A. Fails to aver consent from the Legislature of the Virgin Islands as required by Section 2(b) of the 1954 Revised Organic Act of the Virgin Islands;

B. Fails to state a claim upon which relief can be granted;

C. Is so vague as to preclude framing a responsive pleading; came on for hearing on September 13, 1966; the above appearances were made; counsel were heard; and the motion was submitted and taken under advisement.

ISSUE A: Must plaintiffs aver that they have obtained consent from the Legislature of the Virgin Islands as required by Section 2(b) of the 1954 Revised Organic Act.

1. Plaintiff claims that the language of Dryer v. Kazuhisa Abe, 138 F.Supp. 220, in discussing the Hawaiian Organic Act in relation to 42 U.S.C. § 1983 (hereinafter referred to as the Civil Rights Act) says that the Hawaiian Organic Act does not vitiate the effect of § 1983, otherwise it would be possible for a territory to avoid enforcement of the Civil Rights Act. Plaintiff is correct as far as they have argued. The pertinent language is as follows:

"The defendants claim they have not acted under color of any territorial law. The Organic Act is the constitution of Hawaii. As such it functions as local territorial law. The fact that it is the equivalent of constitutional law should not vitiate the effect of § 1983 and § 1343(3). It is but a higher form of statutory law. Anyone under it, as the defendants before us, is acting under color of territorial law. Otherwise, it would be possible for a state or territory to avoid enforcement of the Civil Rights Act."

The act there merely says that that federal law (The Hawaiian Organic Act) should be construed as territorial law to include persons acting under its authority as acting under color of territorial law. The Hawaiian District Court declared that it (The Hawaiian Organic Act) was considered territorial law for *that* purpose.

Plaintiff asserts that according to Monroe et al. v. Pape et al., 365 U.S. 167 (1961) the federal remedy is supplementary to the state remedy and the latter doesn't have to be sought first. Plaintiff further asserts that the federal

679

remedy exists independent of the territorial remedy and therefore consent need not be first obtained. We are not involved here with a state remedy nor are we involved with a remedy created by a territorial legislature. Title 48 U.S.C. § 1541(b) does not provide a separate territorial path that plaintiffs might pursue to arrive at the relief they seek. It instead imposes a road block to the federal Civil Rights Act path by means of immunity to territorial employees (unless the territorial legislature's approval is obtained to allow the action). The real issue involved is which is superior, the federal Civil Rights Act or the federal limitation to proceed in 48 U.S.C. § 1541(b) (the 1954 Revised Organic Act). The pertinent language of 48 U.S.C. § 1541(b) is as follows:

"Provided, that no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature constituted by this chapter and said section."

■ 2. The next inquiry is whether the Civil Rights Act is in fact an action in tort, since the 1954 Revised Organic Act prohibition is directed to actions to recover damages for torts. See Southerland d/b/a Southerland Tours v. St. Croix Taxicab Association et al., 315 F.2d 364, 369 (1963). The Third Circuit Court of Appeals stated in Basista v. Weir, 340 F.2d 74, 81 (1965) as follows:

"The Civil Rights Act is not to be interpreted narrowly. Valle v. Stengel, 176 F.2d 697, 702 (3 Cir. 1949). In Hague v. C.I.O., 101 F.2d 774, 789 (3 Cir.), modified, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939), we said '[s]uch an action sounds in tort'. In Picking v. Pennsylvania R. Co., supra, 151 F.2d 249 we stated, '[W]e are compelled to the conclusion that Congress gave a right of action sound in tort to every individual whose federal rights were trespassed upon by any officer acting under pretense of state law'. In Monroe v. Pape, supra, 365 U.S. 187, 81 S.Ct. 484, it was said that 'Section 1979 [42 U.S.C.A. § 1983] should be read against

the background of tort liability that makes a man responsible for the natural consequences of his actions.' "

Recited in Anderson v. Haas et al., 341 F.2d 497, 502 (1965). The conclusion must be that the Civil Rights Act is an action in tort.
 3. The next query is whether or not the immunity established by the 1954 Revised Organic Act should apply to the Civil Rights Act. To resolve this question some general rules as to statutory construction should be stated.

"Repeals of statutes by later constitutional provisions by implication are not favored, and in order to operate as such a repeal, the courts require that the repugnancy between the statute and the constitution be obvious or necessary. Under this rule, if the statute and constitutional provision, by any fair course of reasoning, can be reconciled or harmonized, this must be done and the statute allowed to stand."

". . . if the prior act would be invalid if passed after the effective date of the new constitutional provisions, then such prior act is repealed by the new constitutional provisions." 50 Am.Jur., Statute § 541.

"The general rule is that where two statutes are in irreconcilable conflict, the earlier act yields to the later statute which is controlling. If an act is so repugnant to, or so contradictory of, or so irreconcilably in conflict with, a prior act that the two acts cannot be harmonized in order to effect the purpose of their enactment, the later act operates without any repealing elapse, as a repeal of the first to the extent of the irreconcilable inconsistency. This rule prevails where under no reasonable hypothesis can the provisions of both be construed as co-existing. Indeed, it must appear that a later act is contrary to, or inconsistent with, a former act in order to justify the conclusion that the first is repealed. Since laws are presumed to be passed with deliberation, and with full knowledge of existing ones on the same subject, it is but reasonable to conclude that the legislature, in passing a statute, did not intend to interfere with or abrogate any former law relating to the same matter, unless the repugnancy between the two is irreconcilable." 50 Am.Jur. Statutes § 543.

"Moreover, a statute is only repealed by the repugnancy of matter in a subsequent statute to the extent of such repugnancy, and if

any part of the earlier act can stand as not superseded or affected by the later act, it is not repealed." 50 Am.Jur. Statutes § 544. "The fact that two statutes take effect on the same day is strong evidence that they were intended to stand together." 50 Am.Jur. Statutes § 548.

The following occurred chronologically with respect to the legislative and judicial history of the acts involved:

A. In 1871 Congress passed the Civil Rights Act involved herein.

B. In 1939 the Third Circuit Court of Appeals said in Hague v. C.I.O., 101 F.2d 774, 789, "We said such an action sounds in tort".

C. In 1945 the Third Circuit Court of Appeals said in Picking v. Pennsylvania R. Co., *supra*, 151 F.2d 249. "[W]e are compelled to the conclusion that Congress gave a right of action sounding in tort to every individual whose federal rights were trespassed upon by any officer acting under pretense of state law".

D. In 1954 Congress passed 48 U.S.C. § 1574. In (c) thereof Congress specifically repealed all laws of the U.S. applicable to the Virgin Islands which existed prior to and in conflict with the above statute to the extent of inconsistency.

In subsection (b) of 48 U.S.C. § 1541 enacted the same day, Congress specifically prohibited tort actions against Virgin Islands employees in their official capacity without the consent of the Virgin Islands legislature.

In 48 U.S.C. § 1561 enacted the same day Congress provided as follows:

"No law shall be enacted in the Virgin Islands which will deprive any person of life, liberty or property without due process of law or deny to any person therein equal protection of the laws."

"No person shall be held to answer for a criminal offense without due process of law, . . ."

"The right to be secure against unreasonable searches and seizures shall not be violated."

682

"No warrant for arrest or search shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

4. It is quite apparent that Congress having passed the Civil Rights Act in 1871 granting the right to sue for damages for the reasons set forth therein without a limitation requiring legislative consent to a suit in tort as set forth in 48 U.S.C. § 1541(b) and thereafter in 1939 and 1945 the Third Circuit Court of Appeals having labeled that type of action as one in tort, Congress having had that in mind then subsequently enacted 48 U.S.C. § 1541(b) limiting tort actions in the Virgin Islands against government employees to those for which the claimant received Virgin Islands legislative approval, Congress thereby intended that the later statute (the 1954 Revised Organic Act 48 U.S.C. § 1541(b)) should control. It is later in time and irreconcilable with the Civil Rights Act to the extent set forth above.

It is further evidence that when Congress enacted the tort action limitation set forth above it (Congress) did so with the Civil Rights Act in mind for it (Congress) on the same day it established the tort action limitation above, enacted 48 U.S.C. § 1561 establishing certain Civil Rights to the people in the Virgin Islands.

5. Under the rules of statutory construction set forth it is the opinion of this court that the limitation imposed by 48 U.S.C. § 1541(b) applied to 42 U.S.C. § 1983 and that it is necessary for plaintiffs to aver that they have obtained consent from the legislature of the Virgin Islands as required by 48 U.S.C. § 1541(b).

Defendant's motion having been decided upon this ground the Court will not determine the remaining two bases raised for the motion to dismiss.

The complaint is dismissed without prejudice.