CRUZ OCASIO, SUZANNA SANTANA and
ROSE L. E. THOMAS, Appellants

v.

ETHELBERT BRYAN, OLGA BAILEY and
SAMUEL CAINES, Appellees

## No. 16,391

## United States Court of Appeals

### Third Circuit

## Argued February 3, 1967

## Filed March 13, 1967

*See, also, 374 F.2d 11*

RONALD H. TONKIN, ESQ. (YOUNG, ISHERWOOD and BRUNO), Christiansted, St. Croix, Virgin Islands, *for appellants*

PETER J. O'DEA, ESQ., Assistant Attorney General, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellees*

Before STALEY *Chief Judge*, MARIS and FREEDMAN, *Circuit Judges*

FREEDMAN, *Circuit Judge*

### OPINION OF THE COURT

The court below dismissed without prejudice the action for damages brought by appellants against three police officers under the Civil Rights Act of 1871 (42 U.S.C. §§ 1983, 1986) on the ground that § 2(b) of the 1954 Revised Organic Act of the Virgin Islands (Act of July 22, 1954, ch. 558, 68 Stat. 497, 1 V.I. Code Annot. CII, 48 U.S.C. § 1541(b)) forbids the bringing of the action without the consent of the Virgin Islands legislature. The court below based its decision on the canon of statutory construction that a later statute should prevail over an earlier one. Ocasio v. Bryan, 5 V.I. 677, 261 F.Supp. 409 (D.V.I. 1966).

█ The court below erred in its conclusion and the dismissal of the action will be reversed. The Virgin Islands is an unincorporated territory of the United States,[1] and the provisions of the Civil Rights Act are expressly made applicable to violations of civil rights "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory."[2] The court below believed, however, that because an action under the Civil Rights Act is one which sounds in tort,[3] § 2(b) of the Revised Organic Act

---

[1] Section 2(a) of the Revised Organic Act of the Virgin Islands provides: "The Virgin Islands . . . are hereby declared an unincorporated territory of the United States of America."

[2] The Civil Rights Act provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." (42 U.S.C. § 1983).

[3] Monroe v. Pape, 365 U.S. 167, 187 (1961); Basista v. Weir, 340 F.2d 74, 81 (3 Cir. 1965); Anderson v. Haas, 341 F.2d 497, 502 (3 Cir. 1965).

of the Virgin Islands had, for that territory, superseded the absolute remedy granted by the Civil Rights Act. Section 2(b) provides: "The government of the Virgin Islands ... shall have the right to sue by such name and in cases arising out of contract, to be sued: Provided, That no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature constituted by this Act." (1 V.I. Annot. CII, 48 U.S.C. § 1541(b)).

█ Appellants urge that the effectiveness of the Civil Rights Act should be maintained in the Territory of the Virgin Islands by construing it as having impliedly granted permission to one whose civil rights are violated to sue the Government of the Virgin Islands. We need not consider the merits of so attenuated an indication of legislative intention, for we believe that § 2(b) of the Revised Organic Act of the Virgin Islands, rightly construed, does not apply to a civil rights action for damages against a police officer in his individual, private capacity.

██ Section 2(b) was intended to bar tort actions against the Government of the Virgin Islands without its consent. It therefore provides against evasion of its policy of sovereign immunity in tort through the device of a suit against an officer or employee of the Government in his official capacity. See generally, Block, Suits Against Government Officials and the Sovereign Immunity Doctrine, 59 Harv. L. Rev. 1060 (1946). So construed, the provision envelopes government officers with immunity only where the suit is in reality against the Government itself, so that an adverse judgment would require a payment out of public funds, rather than a payment by an individual in his private capacity. See Hart and Wechsler, The Federal Courts and the Federal System (1953), p. 1177. The immunity provision of § 2(b) therefore does not extend to a

46

police officer who is sued for damages under the Civil Rights Act. For it is well settled that in such cases recovery runs against the officer himself in his private capacity and not against the Government. Indeed, the action for damages may not be maintained against a municipal corporation although it may proceed against a police officer of the municipality in his private capacity. See Monroe v. Pape, 365 U.S. 167, 187 (1961).[4] Since an award of damages on a recovery under the Civil Rights Act does not directly affect the Government or the public treasury, the immunity of the Government from suit is no bar to the private action. The immunity provision of § 2 (b) therefore does not apply to the present action and the consent of the Virgin Islands legislature is not a condition to its institution or maintenance.[5]

This interpretation of § 2 (b) of the Revised Organic Act is in harmony with the policy of Congress. It is difficult to believe that in adopting what in effect is the constitution of the Virgin Islands the same Congress which provided a Bill of Rights taken from the Constitution of the United States[6] would have intended at the same time silently to work the repeal of the Civil Rights Act of 1871. Far from indicating any such intention, § 2 (b) plainly harmonizes with the right to enforce the Civil Rights Act of 1871 in the Territory of the Virgin Islands.

 Since the appeal comes to us on certification from the district court on an agreed statement under Rule 76, we limit our decision to the question presented and express

---

[4] Wallach v. City of Pagedale, 359 F.2d 57, 59 (8 Cir. 1966); Sires v. Cole, 320 F.2d 877, 879 (9 Cir. 1963), state or county also immune from suit; Spampinato v. City of New York, 311 F.2d 439, 440 (2 Cir. 1962), cert. denied, 372 U.S. 980 (1963).

[5] See Southerland v. St. Croix Taxicab Association, 4 V.I. 397, 315 F.2d 364 (3 Cir. 1963), where we held that § 2(b) of the Revised Organic Act does not forbid an action seeking no damages but an injunction restraining future enforcement of an exclusive franchise granted by the Government.

[6] Section 3 of the Revised Organic Act of the Virgin Islands.

no view on any other issues which may be involved in the case.

The judgment will be reversed and the cause remanded for further proceedings.