ALFRED HYMAN as guardian and next
of kin on behalf of his son
ADOLPH HYMAN, Plaintiff
v.
ROY HODGE and LEONARD FRETT, Defendants

Civil No. 845-1971

Municipal Court of the Virgin Islands
Div. of St. Thomas and St. John

December 31, 1971

---

ALPHONSO A. CHRISTIAN, ESQ., *represented the plaintiff*

F. D. ROSENBERG, ESQ., *represented the defendants*

HOFFMAN, *Judge*

## MEMORANDUM OPINION AND JUDGMENT

Plaintiff, Alfred Hyman, brought this action as guardian and next of kin on behalf of his son, Adolph Hyman, against the defendant police officers for damages under 42 U.S.C. 1983. Under Ocasio v. Bryan, (3rd Cir. 1967) 374 F.2d 11, 6 V.I. 43, such a civil rights action is proper even absent legislative consent when brought against the officers in their individual and private capacity. This matter arose as a result of an alleged assault upon the plaintiff and came on to be heard on December 8, 1971. Alphonso A. Christian, Esq., represented the plaintiff and F. D. Rosenberg, Esq., represented the defendants.

In substance the plaintiff's version of the events on the morning of June 27, 1971 is as follows. The plaintiff's son, Adolph Hyman, with two companions was on his way to the beach when, while in the vicinity of the Lionel Roberts Stadium, the three youths decided to look for a set of keys which one of the youths, Lesmore Smith, had lost there. During the search Defendant Hodge appeared from inside the Stadium and shouted at the youths telling them to move or they would get "kicked". The plaintiff testified that there were several cars in the area where they were searching for the keys, but that at no time was he any closer than five feet from the nearest car. After hearing Hodge's threats the youths then walked away from the Stadium towards the Lincoln School where Hodge caught and attacked Hyman. Hyman testified that without any provocation Hodge grabbed him and proceeded to hit him with his fist five or six times about the face and body. Hyman was then knocked down and kicked four or five times in the abdomen and back by Hodge who was wearing spiked baseball shoes.

According to plaintiff another beating followed the above described one at which time Defendant Frett held him while Hodge hit him in the mouth and face causing Hyman to lose a tooth. Hyman and his two companions then went on their own to Fort Christian and to the hospital for treatment while the defendants resumed their ball game. Hyman testified that he received three stitches in the lip and was unable to eat for seven days. He also stated that he received one injection and was later forced to have dental work. Plaintiff, however, offered no medical testimony or receipts.

In clarification the Court notes at this point as a finding that plaintiff has failed to establish his case by a preponderance of the evidence. In reaching this determination the Court looked to the severe discrepancies in the testimony of plaintiff's witnesses, the two companions, and to the direct testimony of the police officers involved. Among the inconsistencies presented by the plaintiff's case, the youths differed as to whether they were previously informed of the lost keys, whether they entered the Stadium prior to the search for keys, whether they recognized Hodge's parked car, and as to the actual description of the alleged assault.

The version of these events as revealed by Defendant Hodge is as follows. He and Officer Frett were in the Stadium for a baseball game on the morning of June 27, 1971. At approximately 10:30 a.m. Frett told Officer Hodge to look at his car. When Hodge did so he saw three youths tampering with his car in an attempt to release the latch on the hood. He then ran out of the Stadium and when he reached the youths he pulled Hyman away from the vehicle. Hyman was the only youth Hodge recognized. Hodge testified that after he pushed Hyman away the other youths came at him and that he acted only in self-defense in fighting off the three. He also testified that Hyman's tooth was already missing.

70

With respect to the second beating of Hyman Officer Frett testified that he only held Hyman momentarily after the boy actually backed into his outstretched arms. Frett stated that he then left Hyman in order to resume the ball game before Hodge ever reached them.

From an examination of the record in this matter the Court is unable to find that plaintiff has established his cause or that he has refuted defendant's testimony of self-defense. Accordingly the Court must conclude:

That Defendants are entitled to Judgment against the Plaintiff dismissing the complaint. Each party shall bear its own Costs and Attorneys Fees.