SARGENT, WEBSTER, CRENSHAW & FOLLEY, Plaintiffs

v.

RALPH M. PAIEWONSKY and MARIO A. LEWIS, Defendants

Civil No. 74-63

District Court of the Virgin Islands

Div. of St. Thomas and St. John

September 6, 1974

GRUNERT, STOUT, HYMES AND MAYER, *for plaintiffs*

THOMAS D. IRELAND, *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM

On this motion by defendants seeking dismissal of plaintiffs' complaint, a hotly contested issue is whether plaintiffs' basic claim, however pleaded, is barred by the statute of limitations. It would appear that however viewed and whether the applicable statute of limitations be two years or six, these claims are barred since what is being set up as fraud was discoverable from the very onset of these parties' dealings. But, statute of limitations issues aside, all of plaintiffs claims are confronted by what I view as an insurmountable obstacle—the defense of sovereign immunity.

Defendants are charged essentially with having misrepresented their authority. This differs markedly from instances in which government employees allegedly abused their authority or committed actionable torts in the course of their official duties. Especially in the latter category, a civil rights action can be brought against the individual pursuant to 42 U.S.C. § 1983 (Civil Right Act of 1871). In our case, there is no claim that plaintiffs were deprived of their civil rights, and thus most of the local cases cited by both sides are inapposite. The Civil Rights Act is applicable in those cases, moreover, because the court of appeals has held that its application is consistent with, rather than foreclosed by Section 2(b) of the Revised Organic Act of 1954. Ocasio v. Bryan, 6 V.I. 43, 374 F.2d 11 (3rd Cir. 1967). It is not argued in the instant case that there is any act of Congress which would exempt defendants from application of the Organic Act, or implement its underlying purpose as in Ocasio. The question is, whether this tort suit is against the defendants "in their official capacity", within the meaning of section 2(b). The argument that suit can now be brought because defendants are not presently clothed in official garb, as they are no longer in office, is patently frivolous. The action complained of was taken at a time when they were in office and the mere passage of time cannot change the nature of their acts.

Larson v. Domestic & Foreign Corp., 336 U.S. 682 (1949), is cited for the proposition that,

if . . . actions [of a government officer] are such as to create a personal liability, whether sounding in tort or in contract, the fact that the officer is an instrumentality of the sovereign does not, of course, forbid a court from taking jurisdiction over a suit against him . . . . [T]he principle that an agent is liable for his own torts "is an ancient one and applies even to certain acts of public officers or public instrumentalities". 336 U.S. at 686–87.

The relevance of this case to that before the Court must be questioned, however. First, such a principle was not before the Court in Larson and Chief Justice Vinson was simply enumerating issues which were related but not under consideration. Even more important, the cases cited in Larson to support that principle are completely distinguishable in that they concern "the utilization of corporate facilities in the broadening phases of federal activities in the commercial or business field, [in which] immunity from suit is not favored." Brady v. Roosevelt S.S. Co., 317 U.S. 575 (1943). See, also, Sloan Shipyards v. U.S. Fleet Corp., 258 U.S. 549 (1922).

There is language in the treatises extolling both the broad, nonactionable discretion vested in public officials and, on the other hand, personal liability for their wrongful conduct. Thus, in 63 Am.Jur.2d Public Officers & Employees, Section 321, we find that,

It has been held that where public agents, in good faith, contract with persons having full knowledge of the extent of their authority, or who have equal means of knowledge with themselves, they do not become individually liable, unless the intent to incur a personal responsibility is clearly expressed, even though it is found that through ignorance of the law they may have exceeded their authority. *But an officer may render himself liable in a tort action where through negligence or misfeasance he exceeds his authority* in entering into contracts which do not bind his principal, and the courts have frequently held officers personally liable where, through their negligent failure to comply with legal requirements in entering into purported obligations for their boards or governments, no recourse can be had against their principal. (Emphasis supplied.)

And in 72 Am.Jur.2d States, Etc., Section 115:

The immunity of the sovereign does not protect public officers from personal liability for their wrongful acts in excess of their official authority.

Both of these sections, however, fail to take into account the effect of a *statutory* immunity conferred specifically on officers of the government as well as the Government itself.

The factual situation in Sims Printing Co. v. Kerby, 56 Ariz. 130, 106 P.2d 197 (1940) is quite similar to that in the instant case. There the defendant, state Secretary of State, contracted with plaintiff for the printing of a pamphlet containing the referendum proposals to be put before the voters. In compiling the proposals he included two which were not to be voted on, which plaintiff printed. The state Auditor refused to pay plaintiff for the cost of those unauthorized sections, and a suit in fraud was brought against the secretary of state. In reversing the lower court which had dismissed the action, the Arizona Supreme Court held that were the allegations of fraud proved, the action was proper. However, no mention is made in the case that would indicate an immunity statute of any kind and I think its absence is crucial as a distinguishing feature.

Absent specific legislation like that contained in the Organic Act, the immunity given the sovereign would not necessarily extend to the individual officer. However, so long as defendants here are being sued in their official capacities, the immunity does "cloak them" and protect them from suit. The facts pleaded in the complaint make it clear that the alleged tort(s) occurred while defendants were officials of the Government. As put by the court in Spisso, supra, "[A] suit cannot be brought against them because of sovereign immunity. There is no claim here that the named officers and employees acted wrongfully in some private capacity. Indeed, the claim is explicitly directed at the inadequate performance of official duties . . . . [I]t cannot justify a claim against the named officers and employees as individuals". Memorandum Opinion, p. 2.

It should be noted, moreover, that, plaintiffs to the contrary notwithstanding, it is not clear that defendants were in fact misrepresenting, or exceeding their authority as regards the contract in question.

The legislature has the ability to avoid payment of the obligations of the state by a failure to make the necessary appropriation, although that body cannot impair the obligation of the contract, and creditors accepting obligations of the state are bound to know that they cannot enforce their claims against the state directly, or against its officers, when no appropriation has been made for their payment. 72 Am.Jur.2d, States, etc., Section 73.

and

Valid agreements can be made before there is an appropriation to pay what is due thereunder if there is express authority of law for making them. The fact that a contract is contingent on a legislative appropriation does not void the arrangement. Section 74.

Thus, both the precedence of Section 2(b) of the Organic Act over ordinary, common-law principles of liability, and the question of whether defendants did in fact exceed their authority, lead me to conclude that defendants are not amenable to suit in their individual capacities for the particular torts alleged to have occurred while they were government officials.

For the foregoing reasons, primarily the prohibition against suit laid down in the Organic Act, I think "official immunity," if not that of the sovereign, bars this suit in tort against these defendants. Accordingly the complaint will be dismissed.