JACQUELINE DENNIS, WAYNE CHINNERY, LEONARD MOODY, WAYNE ROEBUCK, PAUL JOSEPH, DELITA JACOBS, IRA JACOBS, JUREEN CANTON and CLAUDETTE HEYLIGER, Plaintiffs

v.

COLLEGE OF THE VIRGIN ISLANDS, LAWRENCE WANLASS and ARTHUR RICHARDS, Defendants

Civil No. 74-716

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 31, 1975

BIRCH DE JONGH & FARRELLY, ESQS. (ALEXANDER A. FARRELLY, *of counsel*)

NICHOLS & SILVERLIGHT, ESQS. (IRWIN J. SILVERLIGHT, of counsel)

FEURZEIG & ZEBEDEE, ESQS. (HENRY L. FEURZEIG, of counsel)

DESMOND L. MAYNARD, ESQ., Office of the Attorney General

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

Defendants College of the Virgin Islands ("CVI"), Lawrence C. Wanlass and Arthur Richards move pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss Cause I of the complaint as it pertains to defendants Wanlass and Richards, individually, and Cause II of the complaint as it pertains to the College of the Virgin Islands.

Cause I of the complaint, based essentially on the tort of false arrest, is directed not only against CVI but also against the President and Dean of that institution in their individual capacities. Defendants argue that because paragraph (3) of the complaint admits that Wanlass and Richards "were officers and agents of CVI, acting within the scope of their authority", these officers are thus

immune from personal liability by virtue of Section 2 (b) of the Revised Organic Act of 1954. This "virtual blanket immunity" granted to all governmental employees for acts committed within the scope of their employment has been greatly contracted by this Court's recent decision in Mathurin v. Government of the Virgin Islands, 12 V.I. 23 (D.C.V.I. 1975). In that case, I held that in order for immunity to adhere to a given act, that official committing the act must have been performing "discretionary acts at those levels of government where the concept of duty encompasses the sound exercise of discretionary authority." Id., slip op. at 6, quoting, Barr v. Matteo, 360 U.S. 564, 575 (1959).

The act complained of in this suit is that Wanlass and Richards "falsely and wrongfully direct[ed] that plaintiffs be arrested." Despite the fact that the Second Circuit has held, at least in the context of a police officer, that making an arrest is not a discretionary function (see Bivens v. Six Unknown Named Agents, 456 F.2d 1339, 1346 (2d Cir. 1972)), I find that Messrs. Wanlass and Richards were performing duties which warrant the protection afforded by the immunity defense. Because administrative officials of a college have an understandable interest in maintaining peace and academic tranquility at such an institution, the act of directing the arrest of the plaintiff-students was unquestionably "the result of a judgment or decision which it is necessary that the . . . official be free to make without fear or threat of vexatious or fictitious suits and alleged personal liability . . . ." Ove Gustavsson Contracting Co. v. Floete, 299 F.2d 655, 659 (2d Cir. 1962), cert. denied, 374 U.S. 827 (1963).

Defendant's motion to dismiss on Cause II focuses on their assertion that CVI is not a "person" within the meaning of 42 U.S.C. § 1983 and thus not subject to

119

liability under the Civil Rights Act. It is clear that neither a state (see Whitner v. Davis, 410 F.2d 24, 29 (9th Cir. 1969)) nor a territory (see Ocasio v. Bryan, 374 F.2d 11 (3d Cir. 1967)) is a "person" within the meaning of that section. This immunity has been extended to agencies of the state or its governmental departments. See Whitner v. Davis, supra at 29–30. The question of whether the College of the Virgin Islands is an agency of the territorial government is determined by the so-called "control test", or whether the governmental entity can be fairly said to control the defendant's activities. If that control is found to be present, the defendant is a state instrumentality and not a person under Section 1983.

In the two recent cases of Samuel v. University of Pittsburgh, 375 F.Supp. 1119 (W.D. Pa. 1974), and Gordenstein v. University of Delaware, 381 F.Supp. 718 (D. Del. 1974), the courts considered the question of whether or not a college or university whose operations interconnect with those of state government to some degree are state instrumentalities. Following the factors outlined in those decisions, I find that the College of the Virgin Islands is not a person within the meaning of the Civil Rights Act.

In 17 V.I.C. § 451, the Legislature of the Virgin Islands expressly states that "the College of the Virgin Islands" is "an instrumentality of the Government of the Virgin Islands." The governing body of the College is the Board of Trustees, responsible for the overall management and control of the affairs of the school. 17 V.I.C. § 453. As provided in 17 V.I.C. § 455, the Board is comprised of fifteen members, including the Chairman of the Board of Education of the Virgin Islands, the Commissioner of Education, the President of the College, ten members appointed by the Governor (by and with the advice and

consent of the Legislature), and two additional members elected by the Board itself. From the standpoint of control, the fact that the Governor appoints two thirds of the entire membership of the Board is indicative of heavy governmental influence at the institution.

The most important element in determining the extent of territorial control over the College's activities is financing. See Samuel v. University of Pittsburgh, supra at 1126. On that issue, the affidavit of Mr. Gerecke, Business Manager and Treasurer of the College of the Virgin Islands, establishes that of the College's total operating budget of $5,676,276.00 for the fiscal year 1974–75, $4,200,000.00, or approximately seventy-four percent (74%) of said funds, came directly from appropriations made by the Government of the Virgin Islands.

### ORDER

In accordance with the foregoing Memorandum Opinion and the reasons set forth therein, it is hereby ORDERED:

1. That defendants' motion to dismiss Cause I of plaintiffs' complaint (tort claim) as it pertains to President Wanlass and Dean Richards in their individual capacities be and is GRANTED; and

2. That defendants' motion to dismiss Cause II of plaintiffs' complaint (Civil Rights Act claim) as it pertains to the College of the Virgin Islands be and is GRANTED.