NYDIA & HECTOR QUETEL, SR., Plaintiffs

v.

PAUL BRUTUS, JR., Defendant

v.

ALVIS RAYMOND and GOVERNMENT OF THE VIRGIN
ISLANDS, Third-Party Defendants

Civil No. 371/1980

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 24, 1981

DESMOND L. MAYNARD, ESQ., St. Thomas, V.I., *for plaintiffs*

DOUGLAS A. BRADY, ESQ., Christiansted, St. Croix, V.I., *for defendant/third-party plaintiff*

DARYL CAMERON BARNES, St. Thomas, V.I., *for third-party defendants*

HODGE, *Judge*

## MEMORANDUM OPINION

This is a personal injury action for damages in which one of the third-party defendants, Alvis Raymond, has moved to dismiss the action as against himself, on the ground that since he was an employee of the Government of the Virgin Islands and was acting within the scope of his employment at the time of the act complained of, he is immune from suit under Section 2(b) of the Revised Organic Act of 1954.[1] The third-party complaint alleges that Alvis Raymond, a police officer, was operating the police vehicle involved in the accident from which the plaintiffs' claim arises, and was doing so with the knowledge and consent of the Virgin Islands Government, the other third-party defendant in this action.

Since the filing of this motion, the U.S. Court of Appeals for the Third Circuit has held in Davis v. Knud-Hansen Memorial Hospital, Government of the Virgin Islands and Curtis R. Coulam, M.D., No. 79-2768 (3rd Cir. October 9, 1980), that Section 2(b) of the Revised Organic Act of 1954 confers no immunity on government officers and employees sued for torts in their individual capacities. Davis has since been followed in Genaro Lopez v. Gwendolyn James and the Government of the Virgin Islands, Civil No. 734/1980 (Terr. Ct. Division of St. Croix, January 14, 1981). The court must therefore deny the defendant's motion in light of the decision by the Third Circuit.

■ Defendant has cited to the court Simon v. Lovgren, 10 V.I. 302, 368 F. Supp. 265 (D.V.I. 1973) which was decided by the Virgin Islands District Court on the basis of an earlier Third Circuit decision, Ocasio v. Bryan, 6 V.I. 43, 374 F.2d 11 (3d Cir. 1967). In Davis, supra, the Third Circuit reviewed a long line of decisions[2] by

---

[1] Section 2(b) of the Revised Organic Act of 1954 states in part as follows:

"... (b) The Government of the Virgin Islands shall have the powers set forth in this Act and shall have the right to sue by such name and in cases arising out of contract, to be sued: Provided, that no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature constituted by this Act ..."

[2] The cases reviewed by the Court were Spisso v. Tonkin, No. 109-1972 (D.V.I. Sept. 7, 1973); Simon v. Lovgren, 10 V.I. 302, 368 F.Supp. 265 (D.V.I. 1973); Parsons v.

two judges of the Virgin Islands District Court, found the line of cases contradictory and unsatisfactory, and based its holding on Section 2(b) of the Revised Organic Act as interpreted in Ocasio, supra, which had been either ignored or misconstrued. According to the Third Circuit, the line of decisions by the Virgin Islands District Court had led to the awkward result of holding that the Virgin Islands Tort Claims Act, 33 V.I.C. § 3401 et seq., waived the Government's immunity but kept intact the individual employee's immunity from suit. Instead, it concluded that Section 2(b) of the Revised Organic Act grants immunity to a government employee only when sued in his official capacity, so that the suit is in reality one against the Government itself, and any monetary recovery would be from the public treasury. Thus, no immunity is granted to an employee who is sued in his individual capacity, as in this case.

█ Although not raised in his motion, Alvis Raymond would also not be entitled to common law immunity since such immunity is only available for discretionary acts. Barr v. Mateo, 360 U.S. 564 (1959); Johnson v. Alldredge, 488 F.2d 820 (3rd Cir. 1973), cert. denied, 419 U.S. 882 (1974). The act of driving an automobile, albeit a police vehicle, does not fall within the category of a discretionary duty of a police officer, but is, instead, a ministerial duty which is not subject to common law immunity.

For the foregoing reasons, the motion to dismiss will be denied.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is hereby

ORDERED that the motion to dismiss filed by third-party defendant, Alvis Raymond, is DENIED.

---

Government of the Virgin Islands, No. 573-1973 (D.V.I. March 21, 1974); Camacho v. Knud-Hansen Memorial Hospital, No. 279-1969 (D.V.I. Oct. 17, 1974); Sargent v. Paiewonsky, 10 V.I. 544 (D.V.I. 1974); Mathurin v. Government of the Virgin Islands, 12 V.I. 23, 398 F.Supp. 110 (D.V.I. 1975); Dennis v. College of the Virgin Islands, 12 V.I. 117, 398 F.Supp. 1317 (D.V.I. 1975); Kalloo v. Englerth, 433 F.Supp. 504 (D.V.I. 1977).