# VALDEMAR A. PRINCE, Plaintiff

## v.

# YVETTE E. STANLEY WILLOCKS, Defendant

Civil No. 1991/0035

Territorial Court of the Virgin Islands

Div. of St. Croix

April 29, 1991

VALDEMAR A. PRINCE, St. Croix, V.I., *pro se*

LEON A. KENDALL, ESQ., St. Thomas, V.I., *for defendant/movant*

CHRISTIAN, *Senior Sitting Judge*

## MEMORANDUM AND ORDER

## I. INTRODUCTION

This matter is before the Court on Defendant/Movant's Federal Rules of Civil Procedure 12(b)(6) Motion to dismiss the complaint, on the grounds, first, that the conduct complained of sounds in tort, the Defendant in transcribing the proceedings in question was acting in her official capacity and in the scope of her employment as a court reporter of the Territorial Court, and Section 2(b) of the Revised Organic Act of 1954, as amended, provides in pertinent part that "no tort action shall be brought . . . against any officer or employee [of the Government of the Virgin Islands] in his official capacity"; and, second, that the Court lacks subject matter jurisdiction because the case is in reality one against the Government of the Virgin Islands, and while the Government has waived its immunity from being sued in tort, $25,000.00 is the limit of its waiver, but the Plaintiff seeks damages in the amount of $250,000.00, and this amount also exceeds the Court's civil jurisdictional limit of $200,000.00, as per Section 22(b) of the Revised Organic Act of 1954 and 4 V.I.C., Section 76(a). The Motion will be denied.

## II. THE FACTS

The relevant facts are undisputed. Defendant is a duly employed stenotype reporter on the employment roster of the Territorial Court of the Virgin Islands, she was so employed when she made the disputed record in question, and she was at all times pertinent hereto acting within the scope of her employment and authority as an official or employee of the Government of the Virgin Islands. There may be some question as to whether when she did the transcript in dispute, on employment by the Plaintiff for a compensation paid by him, as distinguished from when she made the original stenotype record during the proceedings in Court, she was still in the employment of the Government of the Virgin Islands or in Plaintiff's employment. But if the latter be the case, we need not be concerned, for clearly our disposition on this Motion could be no different. Obviously, if Movant was working for Plaintiff only when the transcript was made, the issue of immunity from suit as an officer or employee of the Government would be non-existent. Our opinion here will address only the legal issue based on the premise that she in fact was

an employee of the Government of the Virgin Islands and was at all times acting within the scope of her employment and authority when the disputed record was made.

## III. DISCUSSION

Defendant's Motion places at issue and calls for the Court's decision on the correct construction to be given to Section 2(b) of the Revised Organic Act of 1954, as amended, 48 U.S.C.A., Section 1561, which provides in pertinent part that: "no tort action shall be brought against the Government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the Legislature", insofar as it relates to lawsuits brought against officers or employees of the Government of the Virgin Islands in their official capacity. The Movant contends that the case of Ocasio vs. Bryan, 374 F.2d 11, 13 (3d Cir. 1967), grants blanket immunity to such officers and employees from such suits. The Motion elaborates that since the Government waived its immunity to suit with respect to personal injury caused by the negligent or wrongful act or omission of a government employee acting within the scope of his employment, 33 V.I.C., Section 3408, but such waiver was held not to apply to officers and employees of the Government for torts committed by them while acting in the scope of their authority, Davis v. Knud-Hansen Memorial Hospital, 635 F.2d 179, 185 (3d Cir. 1980), and Frett v. Government of the Virgin Islands, 839 F.2d 968, 977 (3d Cir. 1988), since the wrong allegedly committed by the Defendant in the case at bar took place while she was an employee of the Government of the Virgin Islands, she enjoys blanket immunity from suit by virtue of Section 2(b) of the Revised Organic Act of 1954, and therefore the action against her must be dismissed with prejudice. But as we shall see later, Movant was never vested with the right of immunity, and therefore had nothing to waive.

This is yet another stumble in the long list of cases decided on the issue since Ocasio was decided. The chronology of these stumbles is explicitly given in the Davis case. In deciding an appeal from the District Court of the Virgin Islands which held Section 2(b) to mean, as Movant herein contends, that such functionaries enjoy blanket statutory immunity from suit by virtue thereof, and reversing the District Court, the Court of Appeals in Davis stated in the lead paragraph of its Opinion:

"On this appeal from a decision of the district court of the Virgin Islands, we are required to decide whether officers and em-

101

ployees of the Government of the Virgin Islands have blanket immunity for torts committed while they were acting in their official capacity. We hold they do not, and reverse the decision of the district court which held to the contrary". Davis at 181.

The Court of Appeals stated that in holding as it did in the Davis case, "[t]he [district] court rejected the view articulated in a recent series of Virgin Islands cases that held there was no statutory, [as distinguished from common law], immunity for government employees sued in their individual capacity". Davis at 181.

The Davis decision then listed the cases which failed to follow Ocasio, holding that the interaction of Section 2(b) of the Revised Organic Act and Section 3408 of the Virgin Islands Tort Claims Act meant that the Legislature had consented to tort actions against the Government but not against officers and employees of the Government, and therefore Government workers enjoyed blanket statutory immunity from suits sounding in tort, e.g.: Spisso v. Tonkin, No. 109-1972 (D.V.I., Sept. 7, 1973), in which "Judge Warren Young dismissed a claim against four officers and employees of the Government for negligently delaying the levy of a writ of attachment"; Simon v. Lovgren, 10 V.I. 302, 308 F.Supp., 265 (D.V.I., 1973), "where the same Judge dismissed the tort count of a complaint seeking damages against an officer of the St. Croix Department of Public Safety for assault and battery, since plaintiff conceded that the officer was acting within the scope of his employment"; Parsons v. Government of the Virgin Islands, No. 573-1973 (D.V.I., March 21, 1974); Camacho v. Knud-Hansen Memorial Hospital, No. 279-1969 (D.V.I., Oct. 17, 1974), a case factually similar to the Davis case, in which Chief Judge Almeric L. Christian held "that a physician employed by the Knud-Hansen Memorial Hospital was immune from suit for her allegedly negligent acts because the court was 'bound by the language of Section 2(b) of the Revised Organic Act to hold that, as an employee of the Government, acting within her official capacity, she is immune from suit'"; Sargent v. Paiewonsky, 10 V.I. 544 (D.V.I., 1974), in which Judge Christian held that "the doctrine of sovereign immunity applied to former government officials with respect to actions taken while in office, so that tort action against them alleging they had misrepresented their authority was barred [by virtue of Section 2(b) of the Revised Organic Act of 1954]".

"In none of these cases did the courts analyze the effect of the prior decision of this court in Ocasio v. Bryan, 6 V.I. 43, 374 F.2d

11 (3d Cir. 1967), which also construed the extent of immunity provided by section 2(b) of the Revised Organic Act. In that case the district court had dismissed an action for damages brought against three police officers under the Civil Rights Act of 1871, 42 U.S.C., Sections 1983, 1986. The district court held that section 2(b) of the Revised Organic Act prevailed over the earlier enacted Civil Rights Act, and therefore the Revised Organic Act provided immunity from Civil Rights Act suits because they sound in tort. This court reversed, holding that [s]ection 2(b) was intended to bar tort actions against the Government of the Virgin Islands without its consent. It therefore provides against evasion of its policy of sovereign immunity in tort through the device of a suit against an officer or employee of the Government in his official capacity . . . So construed, the provision envelops government officers with immunity only where the suit is in reality against the Government itself, so that an adverse judgment would require a payment out of public funds, rather than a payment by an individual in his private capacity. Ocasio v. Bryan, 6 V.I. 43, 46, 374 F.2d 11, 13 (3d Cir. 1967), reversing 5 V.I. 677, 261 F.Supp. 409 (D.V.I. 1966). Since the police officers were being sued in their individual private capacity, the action could be maintained notwithstanding section 2(b) of the Revised Organic Act". Davis at 183. [Underscoring ours].

Ironically, the same reason the Third Circuit gives in the Ocasio and Davis cases for the inclusion in the act of the words "or officer or employee thereof in his official capacity" is given by Movant in support of her contention that she is immune to suit in tort—evasion of the sovereign immunity granted to and enjoyed by the Government. But the prevention of this evasion, as both Ocasio and Davis make clear, is intended to operate for the benefit of the Government and its treasury, not for the benefit of the Government officer or employee who may be the tort-feasor and his estate.

In Davis the Court next cites in its list of decisions failing to follow the teaching of Ocasio the case of Mathurin v. Government of the Virgin Islands, 12 V.I. 23, 398 F.Supp. 110 (D.V.I. 1975), "a suit brought against the Government of the Virgin Islands and six individual police officers under the Virgin Islands Tort Claims Act as it relates to government officers and employees". In that case Judge Young, after analyzing the historical basis of the doctrine of official immunity as articulated in Spalding v. Vilas, 161 U.S. 483, 16 S.Ct.

103

631, 40 L.Ed. 780 (1896), concluded that "the distinction between ministerial and discretionary acts performed by Government employees must be read into Section 2(b) of the organic Act in order to give credence to the historical justification for the immunity doctrine". 12 V.I. 30, 398 F.Supp. at 114. But here again the District Court did not apply the construction of Section 2(b) given in the Ocasio v. Bryan case, for it stated "that had the suit against the individual police officers not been dismissed by stipulation, it could have been maintained notwithstanding the Revised Organic Act". Davis at 184. Then in Dennis v. College of the Virgin Islands, 12 V.I. 117, 398 F.Supp. 1317 (D.V.I. 1975), the District Court, applying the reasoning in the Mathurin case, supra, held administrative officials of a college immune from suit for directing the arrest of students, "as an act resulting from discretionary judgment or decision". Dennis at 1318. Here, it appears the Court was applying applicable common law principles of qualified immunity, the discretionary/ministerial dichotomy, with which we shall deal later in this Memorandum. This concept is not to be confused with the doctrine of statutory immunity to suit erroneously claimed to be granted Government workers for tortious conduct in the discharge of their official duties. We hold there is no such immunity, either by virtue of Section 2(b) of the Revised Organic Act or by other statute.

In Kalloo v. Englerth, 433 F.Supp. 504 (D.V.I. 1977), another case arising out of alleged negligent treatment administered by a physician, Judge Young denied a motion to dismiss the case against the physician, citing Mathurin and Dennis, supra, as sufficient grounds for the dismissal, but stated that, "a re-examination of the legislative history of the Revised Organic Act, as well as the germane ensuing case law, compels this Court to conclude that Section 2(b) does not in any manner address the personal liability in tort of Government officers and employees". Kalloo at 507. Davis at 184. This is the first case since Ocasio v. Bryan in which the District Court arrived at the decision mandated in the 1967 Ocasio case, i.e., 10 years and many decisions later, albeit not exactly for the same reason.

In reversing the District Court in Davis v. Knud-Hansen, the Third Circuit summarized the law as enunciated in the 1967 Ocasio case thus:

> "Although the statutory interpretation made in the Ocasio case arose in the context of a Civil Rights Act suit, there is nothing in either our analysis of the language and history of section 2(b) or

104

in the relevant policy considerations that warrant giving it the narrow construction applied by the district court in this case. In Ocasio we construed section 2(b) as intended to bar suit against the public treasury. We interpreted the statutory language precluding tort suits not only against the Government of the Virgin Islands but also 'against any officer or employee thereof in his official capacity' (emphasis added) as intended to prevent evasion of the policy of sovereign immunity which might occur through a suit against a government officer or employee in his or her official capacity. We held that the statutory language is inapplicable to suits against such officers in their individual capacity. Since the statute makes no distinction between the various types of tort suits for which the Government of the Virgin Islands would have immunity in the absence of waiver, we see no basis to make such a distinction in determining the liability of the individual Government officer". Davis at 185.

The action granted by the Tort Claims Act of the Virgin Islands, 33 V.I.C., Section 3408, is an exclusive remedy available to the injured party, thus providing statutory immunity from suit to the Government worker who injures someone by his negligent conduct, but only in cases of "injury or loss of property or for personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his or her employment". 33 V.I.C., Section 3416.[1]

 From the foregoing, it should be clear, and we hold, that Movant enjoys no statutory immunity from suit, whether by virtue of Section 2(b) of the Revised Organic Act of 1954, or other statute, for

---

[1] To the same effect are several provisions of the Federal Tort Claims Act (28 U.S.C., Sections 1346(b), 2671 et seq., (1965), which preclude suit against specified individual employees by providing that actions against the United States for acts [or omissions] of such employees shall be exclusive. See, e.g., 28 U.S.C., Section 2679 (1976) (operators of government vehicles); 42 U.S.C., Section 233 (1976) (commissioned officers and employees of the Public Health Service); 38 U.S.C., Section 4116 (1976) (medical personnel of the Veterans Administration); 22 U.S.C., Section 817 (1976) (medical personnel of the Department of State); 10 U.S.C., Section 1089 (1976) (medical personnel of the armed forces, Department of Defense, Central Intelligence Agency). Other employees are still personally liable for torts committed within the scope of their employment. There is pending legislation which would immunize all federal employees from most work-related tort liability. See S.695, 96th Cong., 1st Sess., 125 Cong.Rec. 2919 (March 15, 1979); H.R. 2659, 96th Cong., 1st Sess., 125 Cong.Rec. 1101 (March 6, 1979).

alleged tortious conduct while discharging her duties as an employee of the Government of the Virgin Islands. As noted by the Third Circuit in the 1980 Davis v. Knud-Hansen case reversing the District Court holding otherwise, from as early as 1956 in a decision construing a provision similar to Section 2(b) in the Organic Act of 1936, the immediate predecessor to the 1954 Act, Harris v. Boreham, 3 V.I. 565, 233 F.2d. 110 (3d Cir. 1956), a suit based on tortious conduct was dismissed as to the Municipality of St. Thomas and St. John, but was nevertheless maintained, against the individual Government officer allegedly liable because of his tortious performance of ministerial duties, a resolution, as we shall see later, based on the principle of common law qualified immunity of the Government worker from liability for tortious conduct committed in the performance of his official duties.

■ This brings us to the issue of alternate immunity from suit of the Government officer or employee based on the common law. "At common law, government officials have immunity from suit in tort actions involving the exercise of discretionary duties. On the other hand, government officials are subject to tort liability for negligence in the performance of their ministerial acts." Davis v. Knud-Hansen at 186, citing Barr v. Matteo, 360 U.S. 564, 571–75, 79 S.Ct. 1335, 1339–41, 3 L.Ed.2d 1434 (1959); Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 33 L.Ed. 86 (1896); Johnson v. Alldredge, 488 F.2d 820, 824 (3d Cir. 1973), cert. denied, 419 U.S. 882, 95 S.Ct. 148, 42 L.Ed.2d 122 (1974). See also Restatement (Second) of Torts, Section 895D and comments b, f, h (1979). Davis at 186.

The Federal Tort Claims Act which waives Government immunity broadly nonetheless contains an exception for acts of discretion performed by Government employees in the performance of governmental functions. 28 U.S.C., Section 2680(a) (1976). The Virgin Islands Tort Claims Act, 33 V.I.C., Section 3408 et seq., contains no such provision.

In Davis the Court was very explicit in its enunciation of the discretionary/ministerial dichotomy: "Whether an official has acted in his or her discretionary capacity, and therefore is entitled to immunity, is not subject to 'a fixed invariable rule', but instead requires a discerning inquiry into whether the contributions of immunity to effective Government in particular contexts outweigh the perhaps recurring harm to individual citizens". Doe v. McMillan, 412 U.S. 306, 320, 93 S.Ct. 2018, 2028, 36 L.Ed. 912 (1973). A discretionary duty

involves "judgment, planning, or policy decisions". Davis at 186, citing Doe v. McMillan, 412 U.S. 306, 320, 93 S.Ct. 2018, 2028, 36 L.Ed.2d 912 (1973).

Although an evaluation entailing professional judgment may be required, that does not transform the performance of a task which is essentially ministerial, no matter how high the skill required in its performance, into one which is discretionary. Davis at 186.

█ █ It is undisputed that the Movant in this case is charged with negligent performance of her duties as a Government-employed stenotype court reporter. Applying the foregoing definition of what constitutes discretionary as distinguished from ministerial duties, the Third Circuit held that "[i]n reviewing the allegations of the complaint in this case, it is evident that plaintiff complains of negligent medical treatment by Dr. Coulam. Such allegations are generally agreed to implicate ministerial rather than discretionary conduct, which does not render the governmental doctor immune from liability". Davis at 186. We hold it is fair to say likewise of the Movant; her service, while requiring special professional training and performance, does not fall in the category of one which involves "judgment, planning, or policy decisions", does not fall within the judicial definition of discretionary, entitling it to common law immunity to suit for tortious conduct. Besides, "[a]ny review of recent case law must take cognizance of the fact that there has been a marked restriction in the circumstances in which absolute immunity is applicable. This result has been accomplished by the twin development of limiting the positions which qualify for absolute immunity. Davis at 187, citing Ferri v. Ackerman, 444 U.S. 193, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979); Butz v. Economou, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and of limiting the functions to which such immunity is applicable. Davis at 187, citing Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Mancini v. Lester, 630 F.2d 990 (3d Cir. 1980); Henderson v. Fisher, 631 F.2d 1115 (3d Cir. 1980); Forsyth v. Kleindienst, 599 F.2d 1203 (3d Cir. 1979)."

## IV. CONCLUSION

█ Therefore, we conclude that Movant, assuming arguendo, she was working for the Government when she performed the allegedly tortious conduct, is not entitled to immunity from suit either by virtue of Section 2(b) of the Revised Organic Act of 1954 or, alternately,

107

by virtue of the common law. As to the question of waiver, since she never possessed immunity, she had none to waive.

## V. ORDER

It is therefore ORDERED that the Motion is denied.