**EDRIS SIMON, Plaintiff**

**v.**

**MAGNUS LOVGREN and GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 572-1972

District Court of the Virgin Islands

Div. of St. Croix

December 13, 1973

HODGE, SHEEN & FINCH, Christiansted, V.I., *for plaintiff.*

VERNE HODGE, Attorney General, St. Thomas, V.I., *for defendants*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

In this action the plaintiff, Edris Simon, by complaint of October 18, 1972, has sought damages against the Government of the Virgin Islands and Magnus Lovgren, an officer of the St. Croix Department of Public Safety. Plaintiff has alleged that at about 8:00 in the morning on September 27, 1972, Officer Lovgren kicked in her door, committed an assault and battery upon her, threatened to arrange her deportation, and verbally abused her in the presence of other persons. Count I, pursuant to the provisions of the Tort Claims Act, 33 V.I.C. § 3408 et seq., asks damages against the two defendants in the amount of $15,000 for the alleged assault and battery. Count II appends a claim for punitive damages of $10,000. Count III seeks damages of $15,000 solely against defendant Lovgren under the aegis of 42 U.S.C. § 1983 (1970). It is alleged that Lovgren,

acting under color of law, deprived Simon of her Fourth and Fourteenth Amendment rights.

The defendants answered on November 16, 1972, and have since responded to interrogatories propounded by plaintiff. Now, belatedly, the defendants have moved for a jurisdictional dismissal of all three counts, or alternatively for judgment on the pleadings,[1] under F.R.C.P. 12(c), (h). In the event their motions in these regards are denied, defendants have additionally moved that the trial of Counts I and II be severed from that of Count III. Both sides have foregone oral argument, but have submitted memoranda of law. After reviewing these memoranda, I have reached my conclusions on the proper outcome of defendants' motions. These conclusions will be set forth in three parts: (1) The Tort Claims Act Counts; (2) The § 1983 Count; and (3) Severance.

### I. TORT CLAIMS ACT COUNTS (I & II)

■ In the first place, defendants correctly assert that, insofar as plaintiff seeks to recover tort damages from Lovgren *individually*, Counts I and II are fatally defective. As I stated in a recent Memorandum Opinion, Spisso v. Tonkin (D.C.V.I., September 7, 1973):

> A suit cannot be brought against [individual officers] because of sovereign immunity. Section 2(b) of the Revised Organic Act of 1954 provides "[t]hat no tort action shall be brought against the Government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the Legislature." See Ocasio v. Bryan, 6 V.I. 43, 374 F.2d 11 (3d Cir. 1967). The Legislature has consented to actions against the Government, 33 V.I.C. § 3408, but not to suits against officers and employees acting in their official capacity.

Simon asserts in her complaint, and defendants concede, see note 5 infra, that "Lovgren . . . at all times herein men-

---

[1] I see no basis for this latter motion, and therefore will not discuss it further.

tioned was acting within the scope of his employment and in the capacity of a police officer." Therefore, Counts I and II must be dismissed as against Lovgren.

■ Less fortunate, however, is the defendants' attack on Counts I and II as they apply to the Government. Defendants argue, first, that this Count lacks subject matter jurisdiction because plaintiff failed to verify the complaint as required by 33 V.I.C. § 3410. Secondly, defendants point out that no copy of the complaint was ever filed with the Governor, which I have construed § 3410 to require.[2] Richards v. Government of the Virgin Islands (D.C.V.I., May 9, 1973). Finally, defendants have asserted that plaintiff's failure to allege compliance with the Tort Claims Act also requires dismissal.

These arguments need not detain me long as I have dealt with identical ones in Richards, supra, and subsequently in Henry v. Government of the Virgin Islands (D.C.V.I., October 23, 1973). In Richards, in the interests of justice and under the discretion entrusted to me under 33 V.I.C. § 3409(c), I permitted a T.C.A. claimant to file out of time a copy of the complaint with the Governor. Likewise, in Henry, I permitted a claimant to supplement the pleadings with a verified complaint. I believe these steps are equally justified in the instant case.[3] It is true that in both Richards and Henry local attorneys were warned to comply strictly with the procedures of the T.C.A. in the future. These warnings are of no consequence here, however, since Simon's complaint was made well before the above two Opinions had clarified the unfamiliar procedural technicalities of the T.C.A. to the bar.

---

[2] A copy was filed with the Clerk of the Court and the Virgin Islands Attorney General's Office within the statutory time limit.

[3] There is no question that the Government had timely notice of the claim: See 33 V.I.C. § 3409(c).

■ Defendants final argument has also been decided before now. I rejected in Henry the contention that compliance with the T.C.A. must be pleaded, stating:

[t]he simple fact is that our Tort Claims Act contains no such requirement and I am completely indisposed to read any further procedural technicalities into a law which seems already to contain enough.

Therefore, as against the Government, Counts I and II withstand the motion to dismiss.[4]

## II. THE SECTION 1983 COUNT (III)

I believe that the motion to dismiss Simon's § 1983 claim against Lovgren is another misspent arrow from the defendants' quiver. While the precise grounds upon which the defendants object to the sufficiency of the § 1983 pleading are somewhat diffuse, I think they reduce to two contentions: (1) that plaintiff has not alleged facts indicating that defendant Lovgren acted under color of law; and (2) that plaintiff has not alleged a federally protected right cognizable under § 1983. I beg to disagree with both contentions.

■ ■ *1. Color of Law*—The concept "color of law" has been given an extraordinarily broad gloss by the courts. It is enough, for example, that an officer of the state act under the cloak of his authority. To come under § 1983 such an officer's conduct need not be authorized and may even be patently illegal. See, e.g., Monroe v. Pape, 365 U.S. 167, 183–87 (1961); Marshall v. Sawyer, 301 F.2d 639, 646 (9th Cir. 1962). In the case before me, Simon's complaint alleges that defendant Lovgren entered her apartment and beat her in the course of his duties as an

---

[4] Because I am allowing plaintiff to correct the procedural deficiencies about her claim, I need not decide whether defendants' failure to raise these procedural deficiencies earlier—at a time when they were perhaps still correctable within statutory time limits—could prevent defendants from seeking a dismissal at this rather late date.

officer.[5] This is a sufficient allegation of color of law for purpose of stating a § 1983 claim.

*2. Federally Protected Right*—As to the nature of the federally protected right allegedly violated by defendant Lovgren, it is the plaintiff's turn to become rather vague. At the dismissal stage, however, I adjudge it my duty to be liberal in construing plaintiff's pleading to allege a protected right. See Howell v. Cataldi, 464 F.2d 272 (3d Cir. 1972).

Defendants appear to argue that because § 1983 does not directly protect against torts (a matter of state law), an action under § 1983 may never lie where an assault and battery is alleged. In making this argument, I believe, defendants have overlooked the forest for the trees. If an assault and battery is instrumental to the denial of federally protected rights, then without doubt it comes within the purview of § 1983. For example, in Sherrod v. Pink Hat Cafe, 250 F.Supp. 516 (D.Miss. 1965), the plaintiff, a black, alleged that in furtherance of a plan to deny blacks equal use of the cafe facilities, defendants committed an assault and battery upon him in his car, thereby denying him the equal protection of the laws. The Mississippi Court upheld the sufficiency of this pleading under § 1983, even though damages could have been recovered through a state tort action. "It is no answer that the State has a law which if enforced would give relief."[6] Monroe, supra, 365 U.S. at 183.

On a liberal reading of plaintiff's complaint, a claim exactly analogous to that approved in Pink Hat appears. Plaintiff alleges that she was attacked and abused "because of her alienage" and that this discriminatory

---

[5] Defendants' answers to interrogatories concede that Lovgren was acting as an officer (answering a call to the station house) at the time of the incident under litigation.

[6] Of course, as I have held at p. 305, *supra*, in the present case there is no state "tort" action permitted against Lovgren because of sovereign immunity.

308

treatment denied her that equal application of law assured by the Fourteenth Amendment. In this context, it should be noted that § 1983 explicitly applies to aliens.[7] See Gordon v. Garrison, 77 F.Supp. 477, 479 (E.D. Ill. 1948) ; Robeson v. Farrelli, 94 F.Supp. 62, 70 (S.D.N.Y. 1950). Furthermore, the Supreme Court has made quite clear the stringency with which the equal protection clause must be enforced to assure *full* rights for resident aliens. See In re Application of Fre Le Poole Griffiths, 41 U.S.L.W. 5143 (June 25, 1973).[8] Plaintiff's equal protection allegation thus sets up a federally protected right to the satisfaction of § 1983.[9]

Color of law and a federally protected right are the only elements necessary to plead a sufficient § 1983 claim. Marshall, supra, at 646. Since both are properly pleaded here, it follows that plaintiff's cause of action stands.

### III. SEVERANCE

Since I have decided not to dismiss causes of action under both Counts I and II and Count III, I must now decide defendants' motion for severance of the Tort Claims Counts from the § 1983 Count.[10] The question of severance in this case is a novel and interesting one. Defendants correctly demonstrate an apparent anomaly in a joint trial. Simon (or Lovgren) would be entitled to demand a jury

---

[7] "[A]ny citizen of the United States *or other person within the jurisdiction thereof ...*" [emphasis added].

[8] I recommend that all local attorneys carefully peruse this Opinion, since its unequivocal proscription of discrimination of any kind against aliens has far-reaching implications for the Virgin Islands.

[9] I need, therefore, scrutinize no further at this time plaintiff's allegations implicating the Fourth Amendment and the due process clause of the Fourteenth.

[10] Insofar as defendants invoke principles of pendent jurisdiction in support of severance, their arguments are inappropriate since this Court has undisputed jurisdiction over all Counts herein.

for the § 1983 Count.[11] But such a jury trial would contravene 33 V.I.C. § 3413 which provides that T.C.A. trials "be by the Court sitting without a jury."[12] Yet, it seems to me, that separate trials would be a great waste of my judicial time, since both would involve identical fact situations. Cf. F.R.C.P. 13(a), 42(a).

It is fortunate then that a quite similar dilemma has often arisen under the Federal Tort Claims Act, 28 U.S.C. §§ 1291 et seq. (1970). The F.T.C.A., like the V.I.T.C.A., requires that most claims be heard without a jury, 28 U.S.C. § 2402 (1970), yet frequently possible defendants other than the Government would also be involved in tortious conduct. Would separate trials be necessary to preserve the right to a jury trial in such cases?

The Court in Englehardt v. United States, 69 F.Supp. 451 (D. Md. 1947) answered this query with ingenuity by prescribing a single trial to judge and jury simultaneously. See generally F.R.C.P. 39; Wright & Miller, Federal Practice & Procedure § 2337. The Englehardt Court admitted that such a bifurcated trial, with two fact-finders announcing separate verdicts at the conclusion of the evidence, was not without problems, especially as to possible differences in the evidence admissible to the judge and jury. Still, the Court wisely observed that the problems it perceived often would either not arise or be superable, and noted that "instances have not been wanting in the past both before and after the new civil procedure rules, in which cases against defendants have been tried at one time, although the verdict must be separately announced by the judge and jury to the respective defendants," citing Dellefield v. Blockdel Realty Co., 1 F.R.D. 689 (S.D.N.Y.

---

[11] Defendant further argues that such a joint jury trial would prejudice the Government. See F.R.C.P. 42(b).

[12] Plaintiff's pleading appears to me to demand a jury trial only as to Count I (on which plaintiff is not entitled to one); I need not decide at this time whether to construe this as a general jury demand, which plaintiff is now barred from making. F.R.C.P. 38(b).

1941); Elkins v. Nobel, 1 F.R.D. 357 (E.D.N.Y. 1940); Mankacsy v. Warner Bros. Pictures, 2 F.R.D. 380 (E.D.N.Y. 1942); Mealy v. Fidelity Nat. Bank, 2 F.R.D. 339 (E.D.N.Y. 1942); Ford v. C. E. Wilson & Co., 30 F.Supp. 163 (D. Conn. 1939); Ryan Dist. Co. v. Coley, 51 F.Supp. 377 (E.D. Pa. 1943). However, other District Courts, notably in Uarte v. United States, 7 F.R.D. 705 (S.D. Cal. 1948) and Stradley v. Capital Transit Co., 87 F.Supp. 357 (D.D.C. 1948) disagreed with this assessment of the feasibility of a combined judge/jury trial in the tort claim act context. See generally Benbow v. Wolf, 217 F.2d 203, 204 n. 3 (9th Cir. 1954); Yankwich, Problems Under the Federal Tort Claims Act, 9 F.R.D. 143, 154–55; Note, 62 Harv. L. Rev. 321, 322 (1948). Then in United States v. Yellow Cab Co., 340 U.S. 543, 553–57 (1951), the Supreme Court decided the issue, once and for all, in favor of the enlightened judge/jury trial conception of Englehardt. Except when "special circumstances" suggested separate trials, the Yellow Cab Court adjudged the difficulties of the simultaneous procedure "not insurmountable." 340 U.S. at 555–56. And, indeed, courts seemed to have experienced little difficulty in applying the Yellow Cab decision. E.g., United States v. Rosati, 97 F.Supp. 748 (D.N.J. 1951).

In construing the V.I.T.C.A. I choose to follow the liberal and optimistic approach the Yellow Cab Court adopted with regard to the F.T.C.A. I do not construe the V.I.T.C.A. to require that the Government be the *sole* defendant before the Court. I will, however, assure the Government its right to a nonjury adjudication by adopting, if necessary, the combined judge/jury procedure in this case. To be sure, a § 1983 claim and a tort claim are rather different than the joint tort claims dealt with in Englehardt and Yellow Cab. But, from my present vantage point, I can foresee no especial difficulties to block a

dual adjudication. Fortunately, the jury issue—the § 1983 claim—is the broader of the two issues in terms of the evidence which must be adduced to prove it;[13] furthermore, *all* evidence on the assault and battery will seemingly be relevant to the § 1983 claim. Therefore, the trial may proceed on the evidentiary plane as if it were on the § 1983 claim alone. At the end of the evidence, then, the Court will be able to decide the question of the assault and battery on that part of the evidence relevant thereto.

I will be open to a reconsideration of my decision here at the pretrial conference, when the issues in the case have ,been clarified and new, unforeseen problems possibly exposed.

### ORDER

On the premises considered, in conformity with the above Opinion, it is hereby ORDERED, ADJUDGED, and DECREED:

(1) That as to defendant Magnus Lovgren, defendants' motion to dismiss Counts I and II is GRANTED;

(2) That as to defendant Government of the Virgin Islands, defendants' motion to dismiss Counts I and II is DENIED; and that plaintiff be given leave to amend the pleadings with a verified complaint, and to file such complaint with the Governor out of time, the foregoing to be done within thirty (30) days of the date of this Order;

(3) That as to defendant Magnus Lovgren, defendants' motion to dismiss Count III is DENIED; and

(4) That defendants' motion for a severance of Counts I and II from Count III be DENIED.

---

[13] As examples, the § 1983 claim might require evidence on the legality of Lovgren's entry or his motive in assaulting Simon.