**Richard J. DAVIS, Appellant,**

v.

**KNUD–HANSEN MEMORIAL HOSPITAL, Government of the Virgin Islands, and Curtis R. Coulam, M.D., Appellees.**

**No. 79–2768.**

United States Court of Appeals,
Third Circuit.

Argued April 21, 1980.

Decided Oct. 9, 1980.

John J. Mahon (argued), Learned & Mahon, Charlotte Amalie, St. Thomas, V. I., for appellant.

Ive Arlington Swan, Atty. Gen., Edward A. Wascoe (argued), Asst. Atty. Gen., Dept. of Law, Charlotte Amalie, St. Thomas, V. I., for appellees.

Before ADAMS, MARIS and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

### I.

On this appeal from a decision of the district court of the Virgin Islands, we are required to decide whether officers and employees of the Government of the Virgin Islands have blanket immunity for torts committed while they were acting in their official capacity. We hold they do not, and reverse the decision of the district court which held to the contrary.

### II.

Plaintiff Richard Davis sued Knud–Hansen Memorial Hospital, an instrumentality of the Government of the Virgin Islands, the Government of the Virgin Islands, and Dr. Curtis R. Coulam, "a physician employed at Knud–Hansen Memorial Hospital," alleging that from November 15 to November 23, 1975, he was negligently treated by Dr. Coulam at Knud–Hansen for a compound fracture of the right tibia. Service of the complaint on Dr. Coulam was not effected for some time. In the interim the court dismissed the complaint as to the Hospital and the Government because of plaintiff's failure to comply with the procedural requirements of the Virgin Islands Tort Claims Act, V.I. Code Ann. tit. 33, §§ 3401–13 (Supp.1978).[1] That order is not the subject of this appeal.

Thereafter, Dr. Coulam was served. On January 15, 1979, he moved to dismiss plaintiff's complaint, alleging that he was immune from suit pursuant to section 2(b) of the Revised Organic Act of the Virgin Islands, 48 U.S.C. § 1541(b), or, in the alternative, on the ground of common law immunity. On October 5, 1979, the court granted defendant's motion and dismissed the complaint as to Dr. Coulam.

The district court held that section 2(b) of the Revised Organic Act of the Virgin Islands "clothed all officers and employees of the government with immunity from tort suits for all acts performed while acting within the scope of their employment." The court rejected the view articulated in a recent series of Virgin Islands cases that held there was no statutory immunity for government employees sued in their individual capacity. The court interpreted the

1. The court had earlier dismissed a prior complaint filed by plaintiff under the Virgin Islands Tort Claims Act because plaintiff failed to file a claim or notice of intention to file a claim within 90 days of the accrual of his claim. The court also found that plaintiff had not met his statutory burden of showing he was entitled to file late. The relevant section of the Virgin Islands Tort Claims Act provides:

[A] claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.

A claimant who fails to file a claim or notice of intention, as provided in the foregoing subsections, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such a claim at any time within two years after the accrual thereof, .... The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the Virgin Islands or its appropriate department or agency had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the facts constituting the claim. . . .

V.I. Code Ann. tit. 33, § 3409(c) (Supp.1978).

Plaintiff then filed the instant complaint, purportedly under the Health Care Provider Malpractice Act, V.I. Code Ann. tit. 27, §§ 166–166*l* (Supp.1978), and alleged compliance with its procedure. This complaint was again dismissed as to the two served defendants on the ground that the Malpractice Act did not dispense with the requirement of following the procedures of the Virgin Islands Tort Claims Act.

decision of this court in *Ocasio v. Bryan*, 6 V.I. 43, 374 F.2d 11 (3d Cir. 1967), which denied statutory immunity to individual Government employees, as limited to suits for damages brought under 42 U.S.C. § 1983. The court held that section 2(b) of the Revised Organic Act should be interpreted analogously with the Federal Tort Claims Act, which the court apparently construed as providing immunity for federal employees even for negligence in the course of ministerial functions.[2] The court concluded that it was "difficult to adhere to the ministerial/discretionary dichotomy, however reasonable and logical it might be, when the plain language of our basic law commands otherwise." The court reasoned that the interest sought to be protected is that of the public fisc, and that "permitting suits against the government employees and officers does work to the financial detriment of the government" because public employees threatened with the possibility of legal action would demand that the government pay for their insurance. Therefore, defendant's motion to dismiss was granted, on the ground that "§ 2(b) confers immunity to all officers and employees of the Government of the Virgin Islands with respect to their official doings."

### III.

Resolution of this issue requires analysis of the conflicting lines of cases on the scope of the immunity granted by section 2(b) of the Revised Organic Act that emanated from the two district court judges of the Virgin Islands, Judge Christian who wrote the opinion in the instant case and the late Judge Young. Section 2(b) of the Revised Organic Act of July 22, 1954, which provides for the territorial government of the Virgin Islands, states:

> The government of the Virgin Islands . . . shall have the right to sue by such name and in cases arising out of contract, to be sued:
>
> *Provided*, That no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature constituted by [this Act].

48 U.S.C. § 1541(b).[3] In 1971, the legislature of the Virgin Islands enacted the Virgin Islands Tort Claims Act which, *inter alia*, waived this immunity by the following provision:

> The Government of the Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the Virgin Islands while acting within the scope of his office or employment, under

**2.** In fact, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* (1965), provides for liability of the United States for injuries caused by its employees while in the scope of their employment, but does not address the individual liability of the employees except to provide that where judgment has been obtained against the United States, the employee cannot thereafter be sued. *Id.* at § 2676. Several provisions preclude suit against specified individual employees by providing that actions against the United States for the acts of such employees shall be exclusive. *See, e. g.*, 28 U.S.C. § 2679 (1976) (operators of government vehicles); 42 U.S.C. § 233 (1976) (commissioned officers and employees of the Public Health Service); 38 U.S.C. § 4116 (1976) (medical personnel of the Veterans Administration); 22 U.S.C. § 817 (1976) (medical personnel of the Department of State); 10 U.S.C. § 1089 (1976) (medical personnel of the armed forces, Department of Defense, Central Intelligence

Agency). Other employees are still personally liable for torts committed within the scope of their employment. There is pending legislation which would immunize all federal employees from most work–related tort liability. *See* S. 695, 96th Cong., 1st Sess., 125 Cong.Rec. 2919 (March 15, 1979); H.R. 2659, 96th Cong., 1st Sess., 125 Cong.Rec. 1101 (March 6, 1979).

**3.** The original United States statute for the governance of the Virgin Islands territory was the Organic Act passed in 1936, 49 Stat. 1807. Section 3 of that Act provided that the municipalities of the Virgin Islands had the power "to sue and in cases arising out of contract to be sued." In *Harris v. Municipality of St. Thomas & St. John*, 3 V.I. 502, 509, 212 F.2d 323, 326–27 (3d Cir. 1954), we construed that section as excluding tort liability for damages caused by the municipality for all activities, whether governmental or proprietary.

circumstances where the Government of the Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The Government consents to have this liability determined in accordance with the same rules of law as applied to actions in the courts of the Virgin Islands against individuals or corporations; Provided, That the claimant complies with the provisions of this chapter.

33 V.I. Code Ann. § 3408 (Supp.1978).[4]

Shortly thereafter, both Judge Christian and Judge Young held that the interaction of these two provisions meant that the legislature had consented to tort actions against the Government but not against officers and employees acting within their official capacity. In *Spisso v. Tonkin*, No. 109–1972 (D.V.I. Sept. 7, 1973), Judge Young dismissed a claim against four officers and employees of the Virgin Islands Government for negligently delaying the levy of a writ of attachment, stating that "[t]he legislature has consented to actions against the *Government*, [V.I. Code Ann. tit. 33, § 3408], but not to suits against officers and employees acting in their official capacity." (Emphasis in original). This approach was followed in *Simon v. Lovgren*, 10 V.I. 302, 368 F.Supp. 265 (D.V.I.1973), where the same judge dismissed the tort count of a complaint seeking damages against an officer of the St. Croix Department of Public Safety for assault and battery, since plaintiff conceded that the officer was acting within the scope of his employment. *Id.* at 305–06, 368 F.Supp. at 267. *Accord, Parsons v. Government of the Virgin Islands*, No. 573–1973 (D.V.I. March 21, 1974). Thereafter, in a case factually similar to the instant case, Judge Christian held that a physician employed by the Knud–Hansen Memorial Hospital was immune from suit for her allegedly negligent acts because the court was "bound by the language of Section 2(b) of the Revised Organic Act to hold that, as an employee of

the government, acting within her official capacity, she is immune from suit." *Camacho v. Knud–Hansen Memorial Hospital*, No. 279–1969 (D.V.I. Oct. 17, 1974). *Accord, Sargent v. Paiewonsky*, 10 V.I. 544 (D.V.I.1974).

In none of these cases did the courts analyze the effect of the prior decision of this court in *Ocasio v. Bryan*, 6 V.I. 43, 374 F.2d 11 (3d Cir. 1967), which also construed the extent of immunity provided by section 2(b) of the Revised Organic Act. In that case the district court had dismissed an action for damages brought against three police officers under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1986. The district court held that section 2(b) of the Revised Organic Act prevailed over the earlier enacted Civil Rights Act, and therefore the Revised Organic Act provided immunity from Civil Rights Act suits because they sound in tort. This court reversed, holding that

[s]ection 2(b) was intended to bar tort actions against the Government of the Virgin Islands without its consent. It therefore provides against evasion of its policy of sovereign immunity in tort through the device of a suit against an officer or employee of the Government in his official capacity. ... So construed, the provision envelops government officers with immunity only where the suit is in reality against the Government itself, so that an adverse judgment would require a payment out of public funds, rather than a payment by an individual in his private capacity.

*Ocasio v. Bryan*, 6 V.I. 43, 46, 374 F.2d 11, 13 (3d Cir. 1967), *reversing* 5 V.I. 677, 261 F.Supp. 409 (D.V.I.1966). Since the police officers were being sued in their individual private capacity, the action could be maintained notwithstanding section 2(b) of the Revised Organic Act.

Thereafter, in *Mathurin v. Government of the Virgin Islands*, 12 V.I. 23, 398

---

4. The liability of the Virgin Islands is limited by statute to $25,000.00, *id.* at § 3411(c), inclusive of attorneys' fees and costs. *Baptiste v.*

*Government of the Virgin Islands*, 12 V.I. 607, 609–10, 529 F.2d 100, 102–03 (3d Cir. 1976).

F.Supp. 110 (D.V.I.1975), a suit brought against the Government of the Virgin Islands and six individual police officers under the Virgin Islands Tort Claims Act for damages for injuries sustained as a result of alleged police beatings, Judge Young undertook a reconsideration of the Virgin Islands immunity law as it relates to government officials and employees. After analyzing the historical basis of the doctrine of official immunity as articulated in *Spalding v. Vilas*, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896), Judge Young concluded that the distinction between ministerial acts and discretionary acts performed by government employees "must be read into Section 2(b) of the Organic Act in order to give credence to the historical justification for the immunity doctrine." 12 V.I. at 30, 398 F.Supp. at 114. Thus the court, again without consideration of the effect of *Ocasio v. Bryan, supra*, stated that had the suit not been dismissed by stipulation against the individual police officers, it could have been maintained notwithstanding the Revised Organic Act.[5] The court subsequently applied the reasoning of the *Mathurin* case in *Dennis v. College of the Virgin Islands*, 12 V.I. 117, 398 F.Supp. 1317 (D.V.I.1975), which held administrative officials of a college immune from suit for directing the arrest of students, an act considered to result from a discretionary judgment or decision. *Id.* at 119, 398 F.Supp. at 1318.

In *Kalloo v. Englerth*, 433 F.Supp. 504 (D.V.I.1977), Judge Young reconsidered the analytic underpinnings of his position. *Kalloo* involved a suit for injuries allegedly suffered as a result of negligent treatment by a physician at a hospital owned and operated by the Government of the Virgin Islands. The physician moved to dismiss the complaint as to him on the basis of

immunity under section 2(b) of the Revised Organic Act. In denying the motion, Judge Young recognized that "*Mathurin* and *Dennis* constitute a sufficient basis for denying defendant's motion to dismiss." *Id.* at 507. However, he rejected his prior analysis in *Mathurin* because it "implicitly depicted § 2(b) as speaking to the issue of official immunity." *Id.* at 510. Instead, he stated that "a re-examination of the legislative history of the Revised Organic Act, as well as the germane ensuing case law, compels this Court to conclude that § 2(b) does not in any manner address the personal liability in tort of government officers and employees, . . . ." *Id.* at 507. He reasoned that section 2(b) made explicit the amenability of the Government of the Virgin Islands to suit in contract without having expressly consented thereto,[6] and, on the other hand, shielded the government itself from liability in tort except to the extent that it subsequently consented thereto. *Id.* at 508–09.

He relied on two decisions of this court, *Southerland v. St. Croix Taxicab Association and the Government of the Virgin Islands*, 4 V.I. 397, 315 F.2d 364 (3d Cir. 1963), and *Ocasio v. Bryan, supra*, as amplifying the limited intent of Congress in providing the immunity granted by section 2(b). In *Southerland*, we held section 2(b) was limited to damage actions against the public treasury and was not applicable to suits against the Government for injunctive relief. In *Ocasio*, as previously noted, we held that section 2(b) was inapplicable to a § 1983 suit against government employees in their personal capacity. Judge Young held that our interpretation of section 2(b) in that case was equally applicable to a traditional negligence action, and therefore ruled that it did not bar suit against a doctor employed by the government. This

---

**5.** The court also held that the Government of the Virgin Islands was liable under the theory of respondeat superior, since the actions of the police officers "were not so outrageous and excessively violent as to be outside the scope of their employment." 12 V.I. at 34, 398 F.Supp. at 116–17.

**6.** *Compare Felix v. Government of the Virgin Islands*, 3 V.I. 399, 407, 167 F.Supp. 702, 706

(D.V.I.1958) (Maris, J.) (section 2(b) authorized contract suits against the Government of the Virgin Islands without express legislative consent) *with People of Porto Rico v. Rosaly y Castillo*, 227 U.S. 270, 277, 33 S.Ct. 352, 354, 57 L.Ed. 507 (1913) (provision in the orginal Organic Act of Puerto Rico granting Puerto Rico power "to sue and be sued as such" authorized suits only in case of consent duly given).

contrasts with the decision of the court under review here limiting the holding in *Ocasio* to suits brought under the Civil Rights Act.

## IV.

Although the statutory interpretation made in the *Ocasio* case arose in the context of a Civil Rights Act suit, there is nothing in either our analysis of the language and history of section 2(b) or in the relevant policy considerations that warrant giving it the narrow construction applied by the district court in this case. In *Ocasio* we construed section 2(b) as intended to bar suit against the public treasury. We interpreted the statutory language precluding tort suits not only against the Government of the Virgin Islands but also *"against any officer or employee thereof in his official capacity"* (emphasis added) as intended to prevent evasion of the policy of sovereign immunity which might occur through a suit against a government officer or employee in his or her official capacity. We held that the statutory language is inapplicable to suits against such officers in their individual capacity. Since the statute makes no distinction between the various types of tort suits for which the Government of the Virgin Islands would have immunity in the absence of waiver, we see no basis to make such a distinction in determining the liability of the individual Government officer.

■ There is no doubt that suits brought under 42 U.S.C. § 1983 resemble tort suits for many purposes. *See Carey v. Piphus*, 435 U.S. 247, 257–58, 98 S.Ct. 1042, 1048, 1049, 55 L.Ed.2d 252 (1978) (common-law tort rules of damages provide appropriate starting point for determination of damages in § 1983 suits); *Imbler v. Pachtman*, 424 U.S. 409, 418, 96 S.Ct. 984, 989, 47 L.Ed.2d 128 (1976) (common–law tort immunities and defenses may be applicable in § 1983 suits). As the Supreme Court stated in *Monroe v. Pape*, 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961), suits under § 1983 "should be read against the background of tort liability that makes a man responsible for the natural conse-

quences of his actions." Moreover, the Court has frequently described § 1983 claims as "a species of tort liability." *Owen v. City of Independence, Missouri*, 445 U.S. 622, 100 S.Ct. 1398, 1401, 63 L.Ed.2d 673 (1980); *Imbler v. Pachtman*, 424 U.S. at 417, 96 S.Ct. at 988. *See also Hague v. C. I. O.*, 101 F.2d 774, 789 (3d Cir.), *modified*, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). Therefore, there is no reason to restrict our decision in *Ocasio* rejecting statutory immunity for Government employees as limited to tort actions of a particular type. We cannot read into the Revised Organic Act a distinction for which there is no basis in the statutory language of that Act.

■ Appellee contends that recovery in this case would affect the public fisc since malpractice insurance is provided by the Government of the Virgin Islands. He claims that recovery against Dr. Coulam would result in an increase in the insurance premiums, causing the public to bear the costs in the long run. We reject this argument because *Ocasio* focused on whether an award of damages would *"directly* affect the Government or the public treasury." 6 V.I. at 47, 374 F.2d at 13 (emphasis added). The attenuated nexus to the Government treasury suggested by the appellee does not warrant denial of a patient's right to maintain a malpractice action against an allegedly negligent physician. *See James v. Jane*, Nos. 780413 & 780450 (Va. June 6, 1980).

■ We also note that in our earlier decision construing the Organic Act of 1936, *Harris v. Boreham*, 3 V.I. 565, 233 F.2d 110 (3d Cir. 1956), suit was dismissed as to the Municipality of St. Thomas and St. John, but was nevertheless maintained against the individual government officer allegedly liable because of his tortious performance of ministerial duties. Judge Maris, speaking for the court, stated that we could concede the validity of the proposition "that a public officer is personally liable for personal injuries resulting from his negligence in performing his ministerial duties as such an officer." *Id.* at 578, 233 F.2d at 116–17. There is no reason to interpret the Revised

Organic Act of 1954 as making any substantial changes in the amenability to suits of such officers. Our view of the matter also avoids the awkward result of the line of Virgin Islands cases which hold that the Virgin Islands Tort Claims Act waived the Government's immunity while keeping intact the individual employee's immunity from suit.

■ Accordingly, we hold that section 2(b) of the Revised Organic Act does not provide any immunity to Government officers or employees sued in their individual capacities.

### V.

Our rejection of immunity for Dr. Coulam based on section 2(b) of the Revised Organic Act requires us to consider his alternate claim that he is entitled to common law immunity, an issue the district court did not reach. At common law, government officials have immunity from suit in tort for actions involving the exercise of discretionary duties. On the other hand, government officials are subject to tort liability for negligence in the performance of their ministerial acts. *Barr v. Matteo*, 360 U.S. 564, 571–75, 79 S.Ct. 1335, 1339–41, 3 L.Ed.2d 1434 (1959); *Spalding v. Vilas*, 161 U.S. 483, 16 S.Ct. 631, 33 L.Ed. 86 (1896); *Johnson v. Alldredge*, 488 F.2d 820, 824 (3d Cir. 1973), *cert. denied*, 419 U.S. 882, 95 S.Ct. 148, 42 L.Ed.2d 122 (1974). *See also* Restatement (Second) of Torts § 895D and comments b, f, h (1979). The Federal Tort Claims Act which waives government immunity broadly nonetheless contains an exception for acts of discretion performed by government employees in the performance of governmental functions or duties. 28 U.S.C. § 2680(a) (1976).

■ As the Supreme Court recently reiterated, the purpose of common law immunity is to allow government officials to be free to exercise their duties unembarrassed by the fear of damage suits in respect of acts done in the course of those duties–suits which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government. *Ferri v. Ackerman*, 444 U.S. 193, 203 n.20, 100 S.Ct. 402, 409, 62 L.Ed.2d 355 (1979), *quoting Barr v. Matteo*, 360 U.S. at 571, 79 S.Ct. at 1339.

■ The Court has recognized that the determination as to whether an official has acted in his or her discretionary capacity, and therefore is entitled to immunity, is not subject to "a fixed, invariable rule" but instead requires "a discerning inquiry into whether the contributions of immunity to effective government in particular contexts outweigh the perhaps recurring harm to individual citizens." *Doe v. McMillan*, 412 U.S. 306, 320, 93 S.Ct. 2018, 2028, 36 L.Ed.2d 912 (1973). A discretionary duty involves judgment, planning, or policy decisions. *See Bernitsky v. United States*, 620 F.2d 948 (3d Cir. 1980). Although an evaluation entailing professional judgment may be required, that does not transform the performance of a task which is essentially ministerial, no matter how high the skill required in its performance, into one which is discretionary.

Reviewing the allegations of the complaint in this case, it is evident that plaintiff complains of negligent medical treatment by Dr. Coulam. Such allegations are generally agreed to implicate ministerial rather than discretionary conduct, which does not render the government doctor immune from liability. *Jackson v. Kelly*, 557 F.2d 735, 738 (10th Cir. 1977); *Henderson v. Bluemink*, 511 F.2d 399, 402–03 (D.C. Cir. 1974); *Spencer v. General Hospital of the District of Columbia*, 425 F.2d 479, 489 (D.C. Cir.1969) (en banc) (Wright, J., concurring). The distinction was aptly noted in the latter case, where it was observed, "This is not to say that the performance of an operation does not involve judgment and discretion. The point is that *medical*, not *governmental*, judgment and discretion are involved." *Id.*

This court's decision in *Martinez v. Schrock*, 537 F.2d 765 (3d Cir. 1976) (en

banc), *cert. denied*, 430 U.S. 920, 97 S.Ct. 1339, 51 L.Ed.2d 600 (1977), does not compel a different result. In *Martinez*, the estate of a retired serviceman brought suit against a military doctor for allegedly negligent conduct in performing an operation. We held that the case was controlled by the doctrine of *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), precluding tort suits by soldiers against their superiors or against the United States for damages incurred while on military duty, and by our earlier decision in *Bailey v. DeQuevedo*, 375 F.2d 72 (3d Cir.), *cert. denied*, 389 U.S. 923, 88 S.Ct. 247, 19 L.Ed.2d 247 (1967), holding an enlisted man could not sue an Army physician for alleged negligence during an operation performed in an Army hospital in the line of duty. We extended the doctrine of these cases to the facts in *Martinez* although the decedent was no longer on active duty at the time of the injuries because we believed the military surgeon should not be required "to concern himself with his patient's military status or with the technicalities of tort law." 537 F.2d at 767. The decision in *Martinez* turned on considerations relating to the status of military, not medical, personnel as defendants in tort actions. It is therefore inapposite to the case *sub judice*.[7]

Any review of recent case law must take cognizance of the fact that there has been a marked restriction in the circumstances in which absolute immunity is applicable. This has been accomplished by the twin development of limiting the positions which qualify for absolute immunity, *Ferri v. Ackerman*, 444 U.S. 193, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979); *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and of limiting the functions to which such immunity is applicable. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Mancini v. Lester*, 630 F.2d 990 (3d Cir. 1980); *Henderson v. Fisher*, 631 F.2d 1115 (3d Cir. 1980); *Forsyth v. Kleindienst*, 599 F.2d 1203 (3d Cir. 1979). The determination in these cases regarding the availability of absolute rather than qualified immunity requires essentially a case–by–case functional analysis. This is necessary to preserve the protection needed for a government official performing a protected function while permitting a private remedy to those whose constitutional rights were violated by the official acting outside the scope of absolute immunity. *See Forsyth v. Kleindienst*, 599 F.2d at 1215.[8]

Similarly, in cases involving traditional negligence claims, the inquiry into the nature of the act in question is designed to preserve the protection needed by a government official performing a discre-

---

**7.** This conclusion is not inconsistent with the analysis articulated by Judge Adams in his concurring opinion in *Martinez v. Schrock*, where he listed the following factors as relevant to the availability of common law immunity:

(1) the defendants were Army physicians on active duty, and as such were required to *perform the operation upon Martinez*; (2) the plaintiffs have an alternative remedy against the United States under the Federal Tort Claims Act; (3) a holding that the defendants are subject to suit may be unduly harsh, particularly when there is an indication that they do not carry malpractice insurance; and (4) the risk of liability may deter competent physicians from embarking upon a career in the military, a development that would be counter to the national interest.

Were one or more of the relevant factors missing–for example, if no alternative remedy existed–the balance could well be different.

537 F.2d at 772-73 (footnote omitted). In this case several of these factors are missing. Although there is an alternative remedy against the Government of the Virgin Islands, recovery under it is limited to $25,000. *See* note 4 *supra*. Malpractice insurance covering the liability of all physicians employed at Government hospitals is to be provided by the Government under the Health Care Provider Malpractice Act, V.I.Code Ann. tit. 27, § 166e. In light of the provision of such insurance, it is unlikely that the risk of liability will deter physicians from practicing in Government hospitals, since they will be subject to no greater malpractice liability than if they were engaged wholly in private practice.

**8.** The inquiry in these cases is to be contrasted with that which must be made when a government official entitled to qualified immunity claims he or she acted in good faith. *See Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975).

tionary function while permitting redress for damages to which a person is entitled for injuries resulting from the negligent performance of ministerial acts. Although we recognize that our decision limiting the defendant's immunity will require ad hoc determinations to be made in tort suits against officials of the Government of the Virgin Islands who previously enjoyed blanket immunity, it is a task with which courts have become increasingly familiar.

In view of our disposition of this appeal on our interpretation of the scope of section 2(b) of the Revised Organic Act, it is not necessary for us to consider the effect of the Virgin Islands Tort Claims Act. Nor do we, in remanding this case to the district court, intimate any view as to the possibility of any other defense to the action.

Accordingly, we will reverse the judgment of the district court dismissing the complaint as to Dr. Coulam and remand for further proceedings consistent with this opinion.