**Gail Merchant IRVING**

v.

**UNITED STATES of America.**

**Civ. No. 81–501–D.**

United States District Court,
D. New Hampshire.

Feb. 22, 1982.

---

---

Paul R. Cox, Dover, N. H., for plaintiff.

W. Stephen Thayer, III, U. S. Atty., Concord, N. H., for defendant.

## OPINION AND ORDER

DEVINE, Chief Judge.

Plaintiff Gail Merchant Irving sustained personal injuries on October 10, 1979, while employed at Somersworth Shoe Company in Somersworth, New Hampshire. She contends that a proximate cause of her injuries was negligent performance of compliance enforcement inspection by Government compliance officers pursuant to the provisions of the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. §§ 651–678. Her recovery of monetary damages is sought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, et seq.

The matter is before the Court on the defendant's motion to dismiss based on the dual grounds of (1) lack of subject matter jurisdiction, Rule 12(b)(1), Fed.R.Civ.P., and (2) failure to state a claim upon which relief can be granted, Rule 12(b)(6), Fed.R.Civ.P. Our analysis of this motion requires us to

follow the familiar requirement that the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal ordered only if plaintiff is not entitled to relief under any set of facts she could prove. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Harper v. Cserr*, 544 F.2d 1121, 1122 (1st Cir. 1976); *Dunlap v. Aulson Corporation*, 90 F.R.D. 647, 654 (D.N.H.1981). Thus addressed, and simply stated, the facts are as follows.

Plaintiff sustained her injuries on October 10, 1979, at Somersworth Shoe Company, when her hair became entangled in the unguarded drive shaft of a "die out" machine, so-called. On various occasions prior to the date of the accident, OSHA inspectors had inspected the premises of Somersworth Shoe Company, but had negligently "failed to issue citations for violations" of OSHA, including the lack of a guard on the machine at issue. *See* ¶ 9 of Complaint. Plaintiff argues that the failure of OSHA to inspect and to issue citations comprised a breach of a legal duty to her owed, and was causal of her injuries. ¶ 10, Complaint.

## I. *The Purpose, Policy, and Procedures of OSHA*

Enacted in 1970, OSHA has for its purpose and policy the assurance "so far as possible [for] every working man and woman in the Nation safe and healthful working conditions ...." 29 U.S.C. § 651(b); *Industrial Union Department, AFL–CIO v. American Petroleum Institute*, 448 U.S. 607, 611, 100 S.Ct. 2844, 2849, 65 L.Ed.2d 1010 (1980); *PBR, Inc. v. Secretary of Labor*, 643 F.2d 890, 894 (1st Cir. 1981). The statute therefore imposes two kinds of duties on employers: (1) a general duty to provide a safe workplace, 29 U.S.C. § 654(a)(1); and (2) compliance by the employer with specific standards promulgated by the Secretary

of Labor, 29 U.S.C. § 654(a)(2).[1] *PBR, Inc. v. Secretary of Labor, supra*, 643 F.2d at 894. And,

'[d]ereliction of either duty is a violation of the Act quite apart from whether injury to an employee results. And while the occurrence of injury may be relevant to proving a violation, it is not conclusive. But the Act does provide for more severe penalties for a violation when, as here, death results.'

*Id.* (*quoting Cape and Vineyard Division of New Bedford Gas v. Occupational Safety and Health Review Commission*, 512 F.2d 1148, 1150 [1st Cir. 1975]).

The remedial format of OSHA permits the Government, proceeding before an administrative agency, to obtain abatement orders requiring the correction by employers of unsafe working conditions and also to impose civil penalties on any employer maintaining any unsafe working condition. *Atlas Roofing Company v. Occupational Safety and Health Review Commission*, 430 U.S. 442, 445, 97 S.Ct. 1261, 1264, 51 L.Ed.2d 464 (1977). Under the statute, inspectors who represent the Secretary of Labor are authorized to conduct reasonable safety and health inspections, 29 U.S.C. § 657(a), and upon discovery of a violation, a citation is issued to the employer fixing a reasonable time for its abatement, and, in the inspector's discretion, proposing a civil penalty. 29 U.S.C. §§ 658, 659. The range of such proposed penalties may be from $0 (for non-serious violations) to a maximum of $10,000 (for willful and repeated violations). 29 U.S.C. §§ 658(a), 659(a), 666(a)–(c) and (j). *Atlas Roofing Company v. Occupational Safety and Health Review Commission, supra*, 430 U.S. at 445–46, 97 S.Ct. at 1264.

An employer who desires to contest a penalty or abatement order may do so by notifying the Secretary of Labor within fifteen days, in which event the abatement order is automatically stayed. 29 U.S.C. §§ 659(a), (b), 666(d). An evidentiary hear-

---

**1.** Among such promulgated standards are a number dealing with the guarding of industrial machinery. 29 C.F.R. §§ 1910.211–1910.222; *see* Annot. 38 A.L.R.Fed. 507, *et seq.* The plaintiff in the instant case alleges a violation of 29 C.F.R. § 1910.219(c)(2)(ii), which describes the guarding of horizontal shafting under bench machines.

ing is then held before an Administrative Law Judge ("ALJ") of the Occupational Safety and Health Review Commission ("OSHRC").[2] At the hearing before the ALJ, the Secretary of Labor has the burden of establishing the elements of the alleged violation and the propriety of his proposed abatement order and proposed penalty. The ALJ is empowered to affirm, modify, or vacate any or all of these items, giving due consideration in his penalty assessment to "the size of the business of the employer ..., the gravity of the violation, the good faith of the employer, and the history of previous violations." 29 U.S.C. § 666(i); *Atlas Roofing Co., supra*, 430 U.S. at 446, 97 S.Ct. at 1264. Unless an individual commissioner of OSHRC directs review of the decision of the ALJ within thirty days of its rendition, such decision becomes a final and appealable order of OSHRC. 29 U.S.C. §§ 659(c), 661(i); *see* 29 C.F.R. §§ 2200.90, 2200.91. But whether or not OSHRC does review, whatever the source of the final order, appeal therefrom is lodged in the United States Court of Appeals "for the circuit in which the violation is alleged to have occurred or where the employer has its principal office, or in the Court of Appeals for the District of Columbia Circuit". 29 U.S.C. § 660(a). The Secretary may similarly seek review of orders of OSHRC in a United States Court of Appeals, 29 U.S.C. § 660(b), but in any such hearing, factual findings "if supported by substantial evidence on the record considered as a whole, shall be conclusive". 29 U.S.C. § 660(a). Upon failure of an employer to pay an assessed penalty, a collection action may be commenced by the Secretary of Labor in a federal district court, in which neither the fact of the violation nor the propriety of the penalty assessed may be retried. 29 U.S.C.

§ 666(k); *Atlas Roofing Co., supra*, 430 U.S. at 446–47,[3] 97 S.Ct. at 1264–65.

■ While it is clear that employees who perceive themselves to be injured by failure of compliance with the requirements of OSHA have no private right of action under said statute, *Blessing v. United States*, 447 F.Supp. 1160, 1166, n.5 (E.D.Pa.1978), the plaintiff herein seeks to raise such a claim under the aegis of FTCA. From what we have described as to the procedural aspects of OSHA, the "stately, if not leisurely, pace", *I.T.O. Corporation of New England v. Occupational Safety and Health Review Commission*, 540 F.2d 543, 545 (1st Cir. 1976), at which such aspects proceed would strongly indicate that plaintiff assumes an extremely heavy burden of proof as to her key legal issue of proximate cause. At this juncture of the proceedings, however, we need not further inquire into the nature of such burden; our focus is on whether she may further proceed in her attempt to assume same.

## II. The Discretionary Function Exception of FTCA

Enacted as a waiver of the federal government's immunity for torts committed by its employees under certain circumstances, FTCA provides that the United States shall be liable for "personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred". 28 U.S.C. § 1346(b). Although broadly construed, *United States v. Yellow Cab Company*, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 595 (1951), this consent to suit is not without exceptions. One such excep-

---

**2.** OSHRC is composed of three members appointed for six-year terms, each of whom is qualified "by reason of training, education or experience" to adjudicate contested citations and to assess penalties. 29 U.S.C. §§ 651(b)(3), 659(c), 661, 666(i). *Atlas Roofing Company, supra*, 430 U.S. at 446, 97 S.Ct. at 1264.

**3.** There are circumstances where, unlike the instant case, an employee may inform OSHA of imminently dangerous working conditions or practices, request inspection, and assist in such inspection, and upon finding of danger, the Secretary can seek injunctive relief to restrain the conditions or practices giving rise to such danger. *See Whirlpool Corporation v. Marshall*, 445 U.S. 1, 8–10, 100 S.Ct. 883, 888–889, 62 L.Ed.2d 154 (1980).

tion is that of "discretionary function", which, as set forth in 28 U.S.C. § 2680(a), provides:

The provisions of this chapter and section 1346(b) of this title shall not apply to—

(a) any claim based upon an act or omission of an employee of the Government exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

Aptly described as leading to a "quagmire" of litigation, *Baird v. United States*, 653 F.2d 437, 440 (10th Cir. 1981), the determination of whether a governmental function is discretionary necessarily involves examination of the seminal case of *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). Therein, a personal injury action was brought under FTCA to recover damages for a death resulting from an explosion of ammonium nitrate fertilizer produced for export at the instance of and according to the specifications of the United States. The trial court found the Government to have been negligent in drafting and adopting the fertilizer export plan as a whole and in various phases of the manufacturing and shipboard loading processes. The Supreme Court held that such a negligence action was barred by the exception provided in 28 U.S.C. § 2680(a). Declining to define the boundaries of a "discretionary function or duty", the Court noted that

[it] includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable.

*Dalehite v. United States*, 346 U.S. at 35, 36, 73 S.Ct. at 967, 968.

The Court went on to add,

n short, the alleged 'negligence' does not subject the Government to liability. The decisions held culpable were all responsibly made at a planning rather than operational level and involved considerations more or less important to the practicability of the Government's fertilizer program.

*Id.* at 42, 73 S.Ct. at 971.

Determination as to whether a Government employee acts in a discretionary capacity and is therefore entitled to immunity is clearly not subject to "a fixed invariable rule", but instead requires "a discerning inquiry into whether the contributions of immunity to effective government in particular contexts outweigh the perhaps recurring harm to individual citizens". *Doe v. McMillan*, 412 U.S. 306, 320, 93 S.Ct. 2018, 2028, 36 L.Ed.2d 912 (1973). The reason is clear—discretionary duties involve judgment, planning, or policy decisions, and even though evaluation entailing professional judgment may be required, that does not transform the performance of a task essentially ministerial, no matter the level of skill required in performance, into one which is discretionary. *Davis v. Knud-Hansen Memorial Hospital*, 635 F.2d 179, 186 (3rd Cir. 1980).

In the instant case, whether or not the agency decision or a lack thereof complained of, made under the complex regulations set forth in the complaint, involved policy making on the part of the Government requires further factual analysis and perhaps expert testimony. *Schindler v. United States*, 661 F.2d 552, 557 (6th Cir. 1981). Accordingly, the motion to dismiss for lack of jurisdiction which is grounded upon the "discretionary function" exception of 28 U.S.C. § 2680(a) must be denied.

### III. The Legal Claim of Plaintiff

As we have previously noted, 28 U.S.C. § 1346(b) requires that the alleged and negligent act of the Government employee oc-

cur "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred". Id. (emphasis added). Thus, the law of New Hampshire is here applicable. See Zabala Clemente v. United States, 567 F.2d 1140 (1st Cir. 1977), cert. denied, 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1977); Perez v. United States, 594 F.2d 280 (1st Cir. 1979). In activities which involve, as here alleged, inspection of privately owned premises, the Government performs what may be called "Good Samaritan" functions, which, though carried out pursuant to statute or regulation, do not arise from a primary duty to provide the service in question. United Scottish Insurance Company v. United States, 614 F.2d 188, 193 (9th Cir. 1980). The issue, therefore, is whether the negligent performance of the federal statutory duty may give rise to a claim under FTCA in circumstances in which applicable state law recognizes a private cause of action. Id.

 Contrary to the position of the Government herein, New Hampshire law does impose the "Good Samaritan duty" that one who gratuitously undertakes to assist in the safety of plant operations by making inspections is liable to an injured employee for making negligent inspections which are causal of the injury to said employee. Corson v. Liberty Mutual Insurance Company, 110 N.H. 210, 265 A.2d 315 (1970). This being akin to the duty imposed by Pennsylvania law in the thorough legal discussion set forth in Blessing v. United States, 447 F.Supp. 1160 (E.D.Pa.1978), it is clear that the allegations of the complaint as drafted are sufficient to withstand the motion to dismiss for failure to state a claim upon which relief may be granted.[4]

---

4. In Corson v. Liberty Mutual Insurance Company, supra, Liberty provided workers' compensation insurance on the employees of Foster Grant Company, and plaintiff Corson was there so employed. Liberty conducted safety inspections of the plant and its machinery at least four times a year, although the machinery was designed by the employer and daily inspected and by it maintained. Corson was injured while using a molding machine, received workers' compensation from Liberty, and then sued

## IV. Conclusion

The Court does not here hold that plaintiff is entitled to recover, but merely that she is entitled to assume the heavy burden of proof necessary for successful presentation of her claim. If upon completion of discovery she fails in this pursuit, the matter can once more be addressed by renewed motions to dismiss or by motions for summary judgment pursuant to Rule 56, Fed.R. Civ.P. For the reasons we have hereinabove stated, however, the motion to dismiss must be and it is herewith denied.

SO ORDERED.

and recovered from Liberty on the ground that Liberty negligently conducted its safety inspections, which if properly conducted would have prevented the malfunction in the molding machine that was causal of plaintiff's injury. While amendments to the New Hampshire workers' compensation law, RSA 281, have prevented further recovery against inspecting insurance carriers, the rule is still viable in contexts such as are here presented.