MR. JUSTICE SHEEHY,
concurring in part and dissenting in part:
I concur with the result in this case. The complaint in this case should have been dismissed by the District Court, not for the reasons utilized by the District Court in assuming that quasi judicial functions of state boards were encompassed in statutory judicial immunity, but rather that the complaint fails to show that the unfortunate deaths and resulting damages to the plaintiffs were proximately caused by the State of Montana, through its Board of Medical Examiners.
The inaction of the Board of Examiners in failing to lift the license of Dr. Kauffman because of complaints made about him cannot be equated as a proximate cause with the direct acts of Dr. Kauffman in attending to the pregnant mothers, which, as the complaint alleges, were the proximate cause of their injuries. The theory of plaintiff’s counsel to establish liability on the part of the state has too many “ifs” — if the Board had initiated proceedings against the doctor to lift his license to practice medicine; if the subsequent hearing and proceedings against the doctor unqualifiedly showed his incompetence to practice; if the evidence generated under the complaints against him stood up to show such incompetence; if the proceedings against the doctor would withstand judicial review. In my view, proximate cause cannot be attenuated to that extent.
Thus, the District Court properly granted a motion to dismiss the complaint, but not upon the grounds utilized by the District Court *221 — that of judicial immunity, but rather because of lack of proximate cause.
Nonetheless, I cannot agree with the majority of this Court that the state as an entity is free from liability here on some ground of official immunity applying to government agents. I eschew especially the notion that the discretion of the Board of Examiners would he “equally subject to distortion by consideration of possible litigation against the State arising from its actions.” That reason for immunity has been expressly waived by this state in its constitution and in its statutes.
The first factor to remember here is that the State of Montana in its governmental capacity is the defendant in this case, for acting through its governmental arm, the Board of Medical Examiners. The persons who are members of the Board are not defendants. No question is presented in this case that relates to the personal liability of the Board members who allegedly failed to act to lift Dr. Kauffman’s license. When there is no risk of personal liability for damages to the government officials involved, the reason for common law official liability evaporates. When the reason for a rule ceases, so should the rule itself. Section 1-3-201, MCA.
It is from the viewpoint of the personal liability of governmental agents that Butz v. Economou (1978), 438 U.S. 478, at 480, 98 S.Ct. 2894, at 2897, 57 L.Ed.2d 895, at 899, should be examined. The first sentence of that opinion begins:
“This case concerns the personal immunity of federal officials in the Executive Branch from claims for damages arising from their violations of citizens’ constitutional rights . . .”
The vicarious liability of the United States government for its agents was not involved in Butz. The federal government may not be sued to redress the wrongs of its agents unless the government has specifically waived it immunity from suit as for example, in the Federal Tort Claims Act, where it applies.
. Moreover, the majority draw more fulsomely on the opinion in Butz than the opinion itself warrants. In discussing the functions of agency officials analogous to those of a prosecutor in deciding whether to initiate administrative proceedings against an individual, the court saw little chance of personal liability arising out of inaction. The Butz opinion states:
“The discretion which executive officials exercise with respect to the initiation of administrative proceedings might be distorted if their immunity from damages arising from that decision was less *222 than complete. (Citing authority.) While there is not likely to be anyone willing and legally able to seek damages from the officials if they do not authorize the administrative proceeding (referring to authority), there is serious danger that the decision to authorize proceedings will provoke a retaliatory response . . .” (Emphasis in original.)
438 U.S. at 515, 98 S.Ct. at 2915, 57 L.Ed.2d at 921-922.
The point is, however, that the Butz court was deciding the personal liability of the government agents involved. That is not true in this case where the state alone is the defendant.
The purpose of common law official immunity is to allow government officials to be
“Free to exercise their duties unembarrassed by the fear of damage suits in respect to acts done in the course of those duties — suits which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous and effective administration of policies of government.”
Davis v. Knud-Hansen Memorial Hospital (3d Cir. 1980), 635 F.2d 179, 186, 203 n. 20 quoting from Ferri v. Ackerman (1979), 444 U.S. 193, 100 S.Ct. 402, 409, 62 L.Ed.2d 355, 363. The threat of personal liability was enough to lead Judge Learned Hand to come down in favor of official immunity in balancing between eliminating the constant dread of retaliation for their discretionary functions and the rights of the injured from dishonest official acts. Judge Hand said that unless immunity was granted, it would “dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties.” Gregoire v. Biddle (2th Cir. 1949), 177 F.2d 579, 581.
The State of Montana, through its 1972 Constitution, and by statutes enacted under its Constitution, has removed the reasons for common law immunity for state governmental agents. The public policy of Montana is that the state itself is subject to suit for the torts of its officials and employees. The statutes enacted by the legislature have immunized governmental agents from any personal liabilities for damages, including court costs and attorney fees, arising out of the governmental torts. The State Constitution provides in Article II, Section 18, as follows:
“State subject to suit. The state, counties, cities, towns and all local governmental entities shall have no immunity from suit for injury to a person or property, except as may be specifically provided *223 by law by a % vote of each house of the legislature.” (Emphasis added.)
The statutes of this state declare our public policy that public officers and employees such as the individual members of the Board of Medical Examiners shall be immunized, defended and indemnified when civilly sued for their actions taken within the course and scope of their employment. Section 2-9-305(1), MCA. The term “employee” means an officer or employee, an elected or appointed official and persons acting on behalf of a governmental entity in any official capacity. Section 2-9-101(2), MCA. When such government officials or employees are acting within the course and scope of their duties, they may require the state to defend a noncriminal action against them, may require indemnification for any money judgment or legal expenses, including attorney fees and costs, and any recovery against the governmental entity is a complete bar to any further action for recovery of damages by claimants against the officers or employees. Sections 2-9-305(2), -(3), -(4), and -(5), MCA.
Thus, under our constitutional and statutory scheme, the public policy of this state to remove all possibility of personal damages against governmental officials for their torts in office serves to eliminate the need for any application of common law official immunity in the case at bar. Apparently the plaintiffs recognize this, because they sue only the State of Montana and not the individual members of the Board of Examiners in their personal capacities. Thus, the liability of the state here should be decided on principles other than cases applying only to personal liability. Here, the state, by constitution and by statute, is not immune from suit. The state is liable to persons who suffer injuries proximately caused by state governmental torts as a matter of public policy and as a constitutional right.
It is, therefore, quite illogical for the majority to hold that the state is exempt from suit in this case because of the possibility that the Board’s discretion would be subject to distortion by considerations of possible litigation against the state arising from the actions of the Board of Medical Examiners. The state, without question, has accepted that risk in assuming liability, and in subjecting itself to suit.
State immunity from suit, arising from the alleged torts of its agents should not be an issue in this case at all. That issue is removed by the public policy of this state. The only question we should decide here is whether the complaint, on well-settled tort *224 rules can survive a motion to dismiss. As I said earlier, proximate cause is missing.
MR. JUSTICE HUNT joins in the foregoing concurrence and dissent of MR. JUSTICE SHEEHY.