**EDITH QUETEL BRYAN, Plaintiff**

v.

**JOHN A. BERNIER, JR., Defendant**

Civil No. 84-252

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 3, 1985

ADRIAN R. PRINCE, ESQ., St. Thomas, V.I., *for plaintiff*

DESMOND L. MAYNARD, ESQ., St. Thomas, V.I., *for defendant*

O'BRIEN, *Judge*

### MEMORANDUM OPINION AND ORDER

This action for defamation came before the Court on October 24, 1984 for oral argument of cross-motions for summary judgment

filed pursuant to Fed. R. Civ. P. 56. Plaintiff Edith Quetel Bryan's motion was denied orally as conflicting affidavits bespoke a genuine issue of material fact. The Court directed further briefing on the issue of whether defendant John A. Bernier, Jr. is entitled to invoke the qualified immunity defense. As we now find that Bernier is immune from suit because at all pertinent times he acted in his official capacity as an employee of the Government of the Virgin Islands, performing discretionary functions we grant defendant's motion for summary judgment and dismiss the captioned cause of action.

## I. FACTS

Edith Quetel Bryan (Bryan) filed this defamation action against John A. Bernier, Jr. (Bernier) in response to statements made in a letter to her dated September 7, 1983 and on a local radio talk show on September 19, 1983. Bryan's complaint alleges that Bernier acted officially as Assistant Commissioner of the Virgin Islands Department of Agriculture at all times.

The letter in dispute was written on government stationery and was signed by Bernier as Acting Commissioner. Bernier was responding to a letter from Bryan dated September 1, 1983 which was critical of the Department of Agriculture. Bernier sent copies of his letter to the same government officials who received Bryan's letter. In substance, Bernier's letter informed Bryan, in no uncertain terms, that the reason she was not entitled to the government services she requested was that her farm plot at Estate Dorothea was unproductive.

The dispute between Bryan, secretary of the St. Thomas/St. John Farmers Association, and Bernier took to the airwaves on September 19, 1983. In a previous program, President of the Farmers Association, Silvie Berry, challenged anyone in the listening audience of the Community Awareness talk show to a debate on the agricultural situation. Bernier took Berry up on the challenge. Although all parties pledged to refrain from personal attacks, much of the subject matter in the correspondence between Bernier and Berry was repeated.

Bryan initiated this lawsuit on June 26, 1984 claiming that Bernier's remarks were false and defamatory, thereby injuring her good name, reputation, and business. As affirmative defenses in his answer, Bernier claims that the statements were privileged and true.

Both parties filed motions for summary judgment. Bryan's motion was denied at oral argument on October 24, 1984. Presently before the Court is Bernier's motion for summary judgment.

## II. DISCUSSION

In Davis v. Knud-Hansen Memorial Hospital, 635 F.2d 179, 186 (3d Cir. 1980), the Third Circuit Court of Appeals held that section 2(b) of the Revised Organic Act of 1954[1] does not provide any immunity to Government officers or employees sued in their individual capacities. But, at common law government officials have immunity from suit in tort for actions involving the exercise of discretionary duties.[2] Id.; Barr v. Mateo, 360 U.S. 564, 571–75 (1959); Johnson v. Alldredge, 488 F.2d 820, 824 (3d Cir. 1973), cert. denied, 419 U.S. 882 (1974); see also Restatement (Second) of Torts § 895D (1979).

In the similar case Barr v. Mateo, 360 U.S. 564 (1959), former employees of the Office of Housing Expediter sued the Acting Director of the Office of Rent Stabilization for defamatory malicious public statements. The Supreme Court held that the Acting Director was immune from suit despite the allegations of malice because it is in the public interest to shield responsible governmental officers against the harassment and inevitable hazards of vindictive or ill-founded damage suits brought on account of action taken in the exercise of their official responsibilities.

■ In order to establish the defense of qualified immunity on a motion for summary judgment "[t]he defendant must first assert the affirmative defense of qualified immunity and then show that his conduct was taken within the exercise of his discretionary authority." Deary v. Evans, 570 F. Supp. 189, 194 (D.V.I. 1983), rev'd in part on other grounds, No. 83-3408/09 (3d Cir. Oct. 12, 1984).

---

[1] Section 2(b) provides:
(b) The government of the Virgin Islands shall have the powers set forth in this Act and shall have the right to sue by such name and in cases arising out of contract, to be sued: Provided, That no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature constituted by this Act.

[2] Bernier cites Moorehead v. Millin, 542 F. Supp. 614 (D.V.I. 1982) for the proposition that he is entitled to absolute immunity. That case, however, dealt with the executive privilege set forth in Restatement (Second) of Torts § 591 (1977). The Lieutenant Governor is entitled to an absolute privilege as he is a "superior executive officer". Bernier is not such an officer, and is therefore only eligible for qualified immunity.

In his answer, Bernier stated as an affirmative defense that any statements made by him were privileged. Thus, we move on to the issue of whether the September 7 letter and the statements made on the September 19 radio talk show were discretionary, as opposed to ministerial, acts.

■ A discretionary duty involves judgment, planning, or policy decisions, Davis, supra, at 186; Bernitsky v. United States, 620 F.2d 948 (3d Cir. 1980); W. Prosser, Law of Torts § 132 at 988–90 (4th Ed. 1971), whereas ministerial acts are those done under the authority of a superior, with little personal judgment, Restatement (Second) of Torts § 895D, comment h (1979); Black's Law Dictionary, 899 (rev. 5th ed. 1979).

By writing a letter to a vocal critic of the Virgin Islands Department of Agriculture expressing his opinion as to why Bryan was not receiving the services she requested, it is clear that Bernier was acting in his discretionary capacity as a government official and is thus entitled to qualified immunity.

Bernier appeared on the radio talk show in response to a challenge to a debate on agricultural problems in the Virgin Islands. Bryan claims that because Bernier, on his own initiative, sought to address private criticism of services provided by the Department of Agriculture he should not be immune from suit. It is, however, irrelevant that Bernier accepted the challenge voluntarily. What is important is that he was introduced as the Assistant Commissioner of Agriculture and represented that office throughout the program.

## III. CONCLUSION

Because Bernier acted in his official capacity as Acting Commissioner of the Virgin Islands Department of Agriculture when he wrote the September 7 letter to Bryan and when he appeared on the radio talk show, he is immune from suit.

■ According to Scott v. Plante, 532 F.2d 939, 945 (3rd Cir. 1965)

> Summary judgment may only be granted if, taking the non-movant's allegations as true and drawing all inferences in his favor, the court is convinced from its review of the evidential sources available that no genuine issue as to a material fact remains for trial, and that the moving party is entitled to judgment as a matter of law.

■ Although there are genuine issues of material fact which warranted the denial of Bryan's motion for summary judgment, the

same issues are not material to Bernier's motion for summary judgment. As a matter of law then, Bernier's motion for summary judgment will be granted.

## JUDGMENT

THIS MATTER came before the Court on cross-motions for summary judgment pursuant to Fed. R. Civ. P. 56. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED, ADJUDGED AND DECREED:

THAT plaintiff Edith Quetel Bryan's motion for summary judgment be and the same is hereby DENIED pursuant to the oral order of this Court on October 24, 1984; and

THAT defendant John A. Bernier's motion for summary judgment be and the same is hereby GRANTED; and

THAT the complaint in the above captioned case be and the same is hereby DISMISSED with prejudice.