**ELEANOR THOMAS, Plaintiff**

v.

**GERALD R. NICHOLSON, Executive Director of Virgin
Islands Lottery and GOVERNMENT OF THE VIRGIN
ISLANDS, Defendants**

Civil No. 51/1984

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

September 20, 1985

JOHN J. MAHON, ESQ., St. Thomas, V.I., *for plaintiff*

EDWARD WASCOE, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendants*

MEYERS, *Judge*

## MEMORANDUM OPINION

In this matter on Defendants' motion to dismiss, or in the alternative, for summary judgment, the Court must decide (1) whether the Executive Director of the Virgin Islands Lottery is a "superior executive officer" of the state, i.e., the Virgin Islands, within the meaning of Restatement (Second) of Torts § 591, thereby qualifying for absolute privilege in the publication of allegedly defamatory matter; and (2) whether his written communication of September 2, 1981, to the Commission on Ethics and Conflict of Interest (Commission), in which he advised that body of certain allegations against an employee, fell within the performance of his official duties, thereby shielding him from liability for defamation.

For the reasons which follow, the Court resolves the first issue in the negative; however, the Court finds that defendant Nicholson is an inferior administrative state officer protected by a conditional privilege. The Court resolves the second issue in the affirmative. We will, therefore, dismiss this action against the Defendants.

## FACTS

Plaintiff brings this action for libel against defendants Gerald Nicholson (Nicholson), Executive Director of the Virgin Islands Lottery, and the Government of the Virgin Islands (Government), stemming from a letter, dated September 2, 1981, and written by defendant Nicholson to the Executive Director of the Commission on Ethics and Conflict of Interest. The letter advised the Commission that action had been initiated for Ms. Thomas' dismissal from the position of lottery supervisor as a result of certain charges against her. Among the charges were:

1. undermining the operation of the Virgin Islands lottery by encouraging dealers to sell Puerto Rico lottery tickets;

2. using the Virgin Islands Lottery Office as a distribution point for Puerto Rico lottery tickets; and

3. selling Puerto Rico lottery tickets.

In his letter, Nicholson further requested the Commission to conduct an investigation into those charges. Plaintiff claims that the allegations in the letter were defamatory, false, and malicious. Plaintiff, therefore, brings this libel suit against defendants.

# DISCUSSION

A. To create liability for defamation there must be:

    (a) a false and defamatory statement concerning another;

    (b) an unprivileged publication to a third party;

    (c) fault amounting at least to negligence on the part of the publisher; and

    (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

Restatement (Second) of Torts § 558;[1] see also, McDowell v. Paiewonsky, Nos. 83-3007 & 83-3008 (3rd. Cir., filed Aug. 7, 1985).

The Government, in its memorandum of law in support of its motion for dismissal, contends, inter alia, that the Defendants are not liable for defamation by reason of the absolute immunity of the Executive Director Nicholson. As grounds for its position, the Government argues that Nicholson, as Executive Director of the Virgin Islands Lottery, is an executive officer of the Virgin Islands Government with the equivalent rank of a member of the Governor's cabinet. The Government further contends that, in such capacity, Nicholson has an absolute privilege to "publish remarks which may even be defamatory, made in the performance of his official duties." Defendants rely upon Moorhead v. Millin, 19 V.I. 155 (D.V.I. 1982) as authority for its position. In Moorhead, the District Court expounded on the requisite conditions for the invocation of executive privilege to defamation actions. Those conditions are set forth in the Restatement (Second) of Torts § 591 upon which Defendants also rely. That section provides:

> § 591 Executive and Administrative Officers
>
> An absolute privilege to publish defamatory matter concerning another in communications made in the performance of his official duties exists for
>
> (a) any executive or administrative officer of the United States; or
>
> (b) a governor or other superior executive officer of a state.

Comment c to § 591 points out that all state courts that have considered the question of absolute privilege have agreed that it protects, inter alia, the heads of state departments whose rank is the

---

[1] The Restatements of Law approved by the American Law Institute are the rules of decision in the courts of the Virgin Islands, absent local law to the contrary. 1 V.I.C. § 4.

equivalent of cabinet rank. Comment c states further that many states have even extended absolute privilege to state officers of various ranks below that of cabinet level. In support of their contention that Nicholson has the equivalent rank of a member of the Governor's cabinet, the Government cites 32 V.I.C. § 245 which provides in part, that "[t]he Director [of the Lottery] shall be appointed by the Governor, by and with the advice and consent of the Legislature, and shall serve at the pleasure of the Governor." The Government further contends that since this is the exact procedure whereby one becomes a member of the Governor's cabinet, Nicholson, thus, qualifies as a "superior executive officer of a state," within the meaning of § 591. The Court, however, is not persuaded by this argument.

■ In a recent case similar to the one at bar, the District Court held that an assistant commissioner is not a "superior executive officer" within the meaning of § 591 of the Restatement of Torts and consequently was not entitled to absolute immunity; rather, he was only eligible for qualified immunity. Bryan v. Bernier, 21 V.I. 333 (D.V.I. 1985). Even where the assistant commissioner was in the position of acting commissioner, he was still not deemed by the Court to be a "superior executive officer" and, therefore, could only claim a qualified immunity. Similarly, this Court holds that the Executive Director of the Lottery is not a "superior executive officer" as defined in § 591, but rather falls under the status of an inferior administrative state officer within the meaning of § 598A of the Restatement (Second) of Torts. Consequently, Nicholson is only eligible for qualified immunity, that is to say, he is clothed with a conditional privilege in making a defamatory communication required or permitted in the performance of his official duties. Under this section, Nicholson is protected by a conditional privilege for his communication so long as he did not abuse the privilege. Restatement (Second) of Torts § 599.

With respect to the conditional privilege set forth in § 598A, the comments to that section provide, inter alia, that knowledge or reckless disregard as to the falsity is necessary to prove defamation. § 598A, comment b. The comments further provide that this conditional privilege applies to all executive officers [other than the superior executive officers, who are clothed with absolute immunity] and administrative officers of a state or of any of its subdivisions. § 598A, comment c. Moreover, this privilege is available for communications published in the proper exercise of the duties of his office by any state officer who does not have an absolute privilege

564

under § 591. It applies both to communications between officers of the Government and to communications from the officer to persons outside the government.

B. The Restatement (Second) of Torts § 895D (1979) also addresses the issue of immunity with respect to public officers. Subsection 3 of § 895D provides:

> A public officer acting within the general scope of his authority is not subject to tort liability for an administrative act or omission if
>
> (a) he is immune because engaged in the exercise of a discretionary function,
>
> (b) he is privileged and does not exceed or abuse the privilege . . .

■ It is well-settled that, at common law, government officials have immunity from suit in tort for actions involving the exercise of discretionary duties. Barr v. Mateo, 360 U.S. 564 (1959). A discretionary duty involves judgment, planning, or policy decisions. Bryan, supra; Davis v. Knud-Hansen Memorial Hospital, 635 F.2d 179, 186 (3d Cir. 1980); Bernitsky v. United States, 620 F.2d 948 (3d Cir. 1980).

This brings us to the second issue that we must decide, namely, whether Nicholson's communication to the Commission was within the performance of his official duties. The Government contends that Nicholson's letter was written well within the performance, i.e., scope, of his official duties. In support of its contention, the Government cites 3 V.I.C. § 1106, which is the enabling legislation that created the Commission. Subsection (c) of that section provides that

> [t]he head of each public agency shall be responsible for the establishment of appropriate standards within his agency to protect against actual or potential conflicts of interest on the part of officers and employees of his agency and for the administration and enforcement within his agency of the provisions of this chapter and the regulations issued pursuant thereto.

When Nicholson, in his capacity as Executive Director of the Virgin Islands Lottery, wrote to the Executive Director of the Commission on Ethics and Conflict of Interest advising the Commission of certain charges against Plaintiff, the Court finds that Nicholson was acting in his discretionary capacity as a government official. See, Bryan, supra. Indeed, it could even be said that Nicholson had an

obligation to write the very letter he did since the charges of which he wrote, if proven, would bespeak criminal activity.[2]

■ The facts clearly show and this Court finds that, when Nicholson wrote to the Commission in his capacity as Executive Director of the Virgin Islands Lottery, he did so within his official duties of that office. His letter to the Commission was for the express purpose of requesting an investigation of the charges that he alleged. Clearly, he made no assertions of fact with respect to the charges. Unquestionably, Nicholson sought assistance and cooperation from the proper governmental agency whose task it is to conduct such investigations. Nicholson has clearly met the requisite burden of proof in overcoming this action.[3]

In an action for defamation the plaintiff has the burden of proving, when the issue is properly raised, the following:

(a) the defamatory character of communication,

(b) its publication by the defendant,

(c) its application to the plaintiff,

(d) the recipient's understanding of its defamatory meaning,

(e) the recipient's understanding of it as intended to be applied to the plaintiff,

(f) special harm resulting to the plaintiff from its publication,

(g) the defendant's negligence, reckless disregard or knowledge regarding the truth or falsity and the defamatory character of the communication, and

(h) the abuse of a conditional privilege.

Restatement (Second) of Torts § 613(1).

■ The Court finds on the facts herein that Plaintiff has failed to prove the elements set forth in subdivisions (g) and (h) of § 613(1), namely, that Nicholson was negligent or that he acted recklessly or with knowledge of the falsity of the communication. The Court therefore concludes, as a matter of law, that Nicholson was shielded by a conditional privilege as provided in Restatement (Second) of Torts §§ 598A and 895D(3)(a) and (b), for his communication.

[2] It is a criminal offense to sell lottery tickets of the Commonwealth of Puerto Rico or of any other jurisdiction in the Virgin Islands. See, 14 V.I.C. § 1223. See also, 18 U.S.C. § 1301.

[3] In an action for defamation the defendant has the burden of proving, when the issue is properly raised, the presence of the circumstances necessary for the existence of a privilege to publish the defamatory communication. Restatement (Second) of Torts § 613(2).

Moreover, Nicholson is entitled to claim this qualified, i.e. conditional, privilege since there is no evidence whatsoever that indicates abuse of that privilege.

## CONCLUSION

Based on the foregoing, the Court holds that defendants Nicholson and Government of the Virgin Islands are not liable for defamation on the facts herein as a result of the conditional privilege provided by § 598A and § 895D(3)(a) and (b) of the Restatement (Second) of Torts. Moreover, the Court finding this holding to be dispositive of the instant case, it is unnecessary to decide the issue of non-compliance with the Virgin Islands Tort Claims Act by Plaintiff as raised by defendants. Accordingly, this action will be dismissed as to all defendants.

## ORDER

In accordance with the memorandum opinion of even date, it is hereby

ORDERED that Defendants' motion to dismiss this action be and the same is GRANTED; and it is further

ORDERED that Plaintiff's complaint be and the same is DISMISSED WITH PREJUDICE; and it is further

ORDERED that the parties shall bear their own costs.